STATE of Missouri, Plaintiff–
Respondent,

v.

James M. BURTON, Jr., Defendant–
Appellant.

No. 63207.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 12, 1993.

Rosalynn Koch, Office of the State Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, James M. Burton, Jr., appeals from the judgment of convictions, entered pursuant to a jury verdict, for assaulting a law enforcement officer in the first degree, § 565.081.1, RSMo (Cum.Supp.1992), and for resisting arrest, § 575.150 RSMo, (1986). He was sentenced, as a prior and persistent offender, to concurrent terms of imprisonment of ten years for assault and five years for resisting arrest. We affirm.

The evidence, viewed in the light most favorable to the verdict, established that on June 12, 1991, defendant visited his probation officer at the State Board of Probation and Parole in Hannibal, Missouri. The probation officer advised him that he was under arrest for violating house arrest. Defendant informed her that he was not going to be arrested and that he was going home. When another probation officer heard the exchange between defendant and his probation officer, she went for help at the nearby sheriff's office. A uniformed deputy sheriff accompanied her back to the probation office. He asked defendant to submit to arrest. Defendant declined and fled down a hallway.

The deputy chased defendant down the hall, caught him from behind at the top of a

stairwell, and struggled with him. Defendant grabbed the deputy, punched him, and threw him against the wall several times. Defendant pushed the deputy with such force against the wall that the deputy's head made a hole in the drywall. Defendant then charged at the deputy, hitting him with his head and forcing him back into the hallway. The deputy was knocked to the floor, unconscious. When the deputy regained consciousness, he was found to be relatively uninjured. The struggle was witnessed by the probation officer who had summoned the deputy as well as by the supervisor of the probation office.

Defendant's sole point on appeal is that there was not sufficient evidence to support his conviction for assaulting a law enforcement officer in the first degree. He contends that because he left the deputy alive and without serious injury, he did not "intend or attempt to kill or cause serious physical injury to him." In our review of the record, we accept as true all evidence tending to prove defendant's guilt, together with all inferences reasonably drawn therefrom, and disregard all contrary evidence and inferences. *State v. Imboden*, 753 S.W.2d 109, 110 (Mo.App.1988).

Section 565.081.1 provides that "[a] person commits the crime of assault of a law enforcement officer in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to a law enforcement officer." Defendant was charged by information specifically with "attempt[ing] to kill or cause serious physical injury to [the deputy] by beating him, striking him with his fists and by smashing his head into a wall."

Assault of a law enforcement officer in the first degree is similar to assault in the first degree in that both require that the person attempt to kill or knowingly cause or attempt to cause serious physical injury to another person. *See* § 565.050.1, RSMo (1986). Assault in the first degree, without injury to the victim, requires proof of a very specific intent on the part of the actor to cause serious physical injury. *State v. Robinson*, 710 S.W.2d 14, 17 (Mo.App.1986). The intent element, however, is generally not susceptible of proof by direct evidence; and may be shown by circumstantial evidence. *Id.*

Here, the testimony of the probation officer who witnessed the struggle was that defendant threw the deputy against the wall, causing the deputy's head to strike the wall. She also stated that defendant hit the deputy in the chest with his head. She testified that the deputy was rendered unconscious. Her supervisor testified that defendant slammed the deputy up against the wall and that the contact between defendant and the deputy was frequently violent. He also said that the deputy appeared to be unconscious. The deputy himself testified that defendant punched him and pushed him through the drywall. He stated that he did not remember anything after defendant hit him with his head and forced him into the hallway. The evidence, viewed in the light most favorable to the State, was sufficient to warrant the jury's finding defendant guilty of assaulting a law enforcement officer with the intent to cause serious physical injury. We note that it is immaterial that the deputy actually suffered no serious physical injury, as long as the State proved that defendant had the intent to cause such injury. Defendant's point is denied.

The judgment of convictions are affirmed.

REINHARD and CRIST, JJ., concur.