**Frank ANDERSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 59504.**

Missouri Court of Appeals,
Western District.

Feb. 13, 2002.

Jeannie M. Willibey, Asst. Public Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joel A. Block, Asst. Atty. Gen., Jefferson City, for Respondent.

Before SPINDEN, C.J., and ULRICH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Frank Anderson appeals from the motion court's order overruling, after an evidentiary hearing, his Rule 29.15 [1] motion

---

1. All rule references are to the Missouri Rules of Criminal Procedure (2001), unless otherwise indicated.

for post-conviction relief. After a jury trial in the Circuit Court of Jackson County, the appellant was convicted of one count of first degree robbery, § 569.020,[2] and one count of armed criminal action (ACA), § 571.015, for which he was sentenced to concurrent terms of ten and three years, respectively, in the Missouri Department of Corrections.

In his sole point on appeal, the appellant claims that the motion court erred in denying his Rule 29.15 motion because the evidence presented at the motion hearing clearly established that he received ineffective assistance of trial counsel due to counsel's failure to adequately investigate his case.

We affirm.

### Facts

The appellant was charged by information on September 23, 1997, in the Circuit Court of Jackson County with one count of first degree robbery, § 569.020. An amended information was filed on March 23, 1998, adding a second count, charging the appellant with ACA, § 571.015.

The charges against the appellant arose out of an alleged carjacking on September 4, 1997. Shaun Golden was driving his mother's blue 1990 Chevrolet Corsica to his grandmother's house at 3039 E. 7th Street, in Kansas City, Missouri. Golden parked the car and, as he was preparing to get out, two men walked up to the door. One of the men was tall and the other considerably shorter. The taller man opened the door and Golden saw that he had a "chrome" gun in his hand. He pointed it at Golden's face and told Golden to "drop the keys and run." Golden noted that the man was clean-shaven, had on a plaid shirt, blue jeans, and a Nike hat over a bandanna.

After the appellant was charged, counsel was appointed for him. During their discussions prior to trial, they discussed the description of the robber that Golden had provided to the police, specifically that the robber was clean-shaven. In this regard, the appellant informed his counsel that, since he had always worn a goatee, he could not be the robber. Based upon the appellant's assertions, counsel sent an investigator to talk to the appellant's mother and brother, both of whom verified the appellant's claim that he had facial hair at the time of the robbery. Thus, the appellant's counsel chose to proceed on a misidentification defense.

On July 28, 1998, the case proceeded to a jury trial in the Circuit Court of Jackson County, before the Honorable Edith L. Messina. During trial, the appellant's counsel, on direct examination, elicited testimony from the appellant's mother and brother as well as the appellant himself that he had facial hair on his chin at the time of the robbery, thus supporting his misidentification defense. However, during its cross-examination of the appellant and his brother, the State used two photographs taken at the time of the appellant's arrest on the night of the robbery to impeach their credibility by showing that he did not, in fact, have a goatee on that night. These photographs were admitted into evidence as State's Exhibits 38 and 39.

The appellant filed motions for judgment of acquittal at the close of the State's evidence and at the close of all of the evidence, both of which were overruled. On July 30, 1998, the jury returned a guilty verdict on both counts. The appellant filed his motion for new trial on August 24, 1998, which the court heard on September 17, 1998. On September 21, 1998, the court overruled the appellant's

---

**2.** All statutory references are to RSMo 2000,      unless otherwise indicated.

motion and sentenced him to concurrent terms of ten years imprisonment for robbery and three years imprisonment for ACA. The appellant appealed, with this court affirming his convictions on February 29, 2000, in *State v. Anderson*, 18 S.W.3d 11 (Mo.App.2000).

On May 19, 2000, the appellant filed his *pro se* motion for post-conviction relief, alleging that his trial counsel was ineffective for failing to suppress his statements to the police that he was involved in the robbery as these statements were made while he was under the influence of drugs and alcohol; for failing to challenge the victim's identification of the appellant as the robber since the identification was tainted by police misconduct; and for failing to investigate the possibility of another robber, since the victim had testified that he was robbed by two men. Post-conviction counsel was appointed on June 14, 2000, and an amended motion for post-conviction relief was filed on September 21, 2000, claiming that appellant's trial counsel was ineffective for failing to adequately review the discovery in the case and proceeding to elicit testimony at trial from the appellant, his mother and his brother that he had a goatee at the time of the robbery, since a review of the photographs of the appellant taken by the police on the day of his arrest clearly indicated that he had no facial hair and these pictures were introduced by the State to severely damage the credibility of the defense witnesses. The amended motion also alleged that the appellant's trial counsel was ineffective for failing to file a pretrial motion to suppress the victim's identification of him and to object to the victim's identification of him at trial.

On November 2, 2000, the motion court held an evidentiary hearing on the appellant's post-conviction relief motion. With regard to the photographs taken by the police at the time the appellant was arrested, the appellant's trial counsel testified at the hearing that he was aware of the photographs, although he had not seen them prior to trial. When asked why he had proceeded on the misidentification defense and adduced evidence that the appellant wore a goatee at the time of the robbery, trial counsel testified that after the appellant told him that he had facial hair on the day of the robbery, he verified this fact with the appellant's family members. After receiving corroboration from them, he chose to proceed with the misidentification defense, without reviewing the discovery containing the police photographs. On December 1, 2000, the motion court issued its findings of fact and conclusions of law overruling the appellant's post-conviction motion.

This appeal follows.

### Standard of Review

Appellate review of a motion court's ruling on a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the court's findings of fact and conclusions of law issued in support thereof, as required by Rule 29.15(j), are clearly erroneous. Rule 29.15(k); *State v. Clay*, 975 S.W.2d 121, 140 (Mo. banc 1998). Findings and conclusions are clearly erroneous only if, after review of the entire record, we are left with a definite and firm impression that a mistake has been made. *Clay*, 975 S.W.2d at 140.

### I.

In his sole point on appeal, the appellant claims that the motion court erred in denying his Rule 29.15 motion because the evidence presented at the motion hearing clearly established that he received ineffective assistance of trial counsel due to counsel's failure to adequately investigate his case. Specifically,

he claims that the evidence established that his trial counsel was deficient in that he failed to adequately review the discovery provided by the State, which he had a duty to do. From this, he claims that had counsel adequately reviewed the discovery in the case, he would have discovered two police photographs of the appellant showing him clean-shaven, such that, as a matter of reasonable trial strategy, he would not have pursued at trial, as he did, a defense of misidentification, predicated on the appellant, unlike the robber, having a goatee. The appellant contends that he was prejudiced by counsel's alleged deficiency in that it resulted in the State's impeaching not only his testimony as to his having facial hair, but that same testimony of his brother and mother, calling into question their credibility, such that the jury was caused to disbelieve the whole of their testimony and resulting in the appellant's conviction. The appellant's claim is without merit.

■ In order to prevail on a claim of ineffective assistance of counsel, the movant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984), requiring proof by a preponderance of the evidence that: (1) his trial counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) his defense was prejudiced as a result. *State v. Hall*, 982 S.W.2d 675, 680 (Mo. *banc* 1998); *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. *banc* 1997). If the movant fails to satisfy either the performance or the prejudice prong of the test, then we need not consider the other and his claim of ineffective assistance of counsel must fail. *State v. Nunley*, 980 S.W.2d 290, 292 (Mo. *banc* 1998).

■ To satisfy the performance prong of the *Strickland* test, the movant "must overcome the presumptions that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *Simmons*, 955 S.W.2d at 746. A movant filing a post-conviction relief motion faces a heavy burden in establishing a claim for ineffective assistance of counsel and must overcome the presumption that counsel is competent. *Nunley*, 980 S.W.2d at 292; *State v. Samuels*, 965 S.W.2d 913, 916 (Mo.App.1998). In determining whether counsel's performance was deficient, the courts must refrain from using hindsight to second-guess decisions of trial strategy. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694 (stating that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight....").

■ To satisfy the prejudice prong of the *Strickland* test, the movant "must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Simmons*, 955 S.W.2d at 746. " 'The fact that an error by counsel might have had some conceivable effect on the outcome is not sufficient. Rather, movant, when challenging a conviction, must show there is a reasonable probability that, absent the alleged error, the fact finder would have had a reasonable doubt respecting guilt.' " *State v. Clark*, 925 S.W.2d 872, 878 (Mo.App.1996) (*quoting Bevly v. State*, 778 S.W.2d 297, 298–99 (Mo.App.1989)). "The court must consider the totality of the evidence in determining whether a reasonable probability exists." *Id.* In doing so, it can "consider the strength of the evidence of guilt in evaluating any prejudice to a defendant as a result of counsel's alleged ineffectiveness."

*State v. Hopkins,* 918 S.W.2d 350, 353 (Mo.App.1996) (citation omitted).

In denying the appellant's motion for post-conviction relief, the motion court found that the appellant's trial counsel was not deficient, as alleged, but even if he was, that the appellant was not prejudiced thereby, finding:

> there was overwhelming evidence of the defendants [*sic*] guilt notwithstanding the photographs of the defendant. Trial counsel testified at the evidentiary hearing that the defendant had given a confession about the crime to the police. Additionally, there was other evidence at trial from eyewitnesses identifying the Movant as the perpetrator of this crime.

Because we find that the motion court's finding as to there being no prejudice was not clearly erroneous, we must affirm.

■ Under the Sixth Amendment, every criminal defendant has a " 'right to the *effective* assistance of counsel.' " *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2063, 80 L.Ed.2d at 692 (emphasis added) (*quoting McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). To render effective assistance of counsel, trial counsel has a duty to investigate all aspects of the defendant's case, including reviewing the discovery in the case, in order to determine what defenses to present, what witnesses to call, and other matters of trial strategy. *State v. Butler,* 951 S.W.2d 600, 608–610 (Mo. *banc* 1997); *Cravens v. State,* 50 S.W.3d 290, 295 (Mo.App.2001). Strategic choices can only be made after a *thorough* investigation of the law and facts relevant to the case. *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695 (emphasis added). Strategic choices made after less than a thorough investigation are only reasonable to the extent that reasonable professional judgment would support the choice not to investigate further. *Id.* at 690–91, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. Thus, "[a]n argument based on trial strategy or tactics is appropriate only if counsel is fully informed of facts which should have been discovered by investigation." *Clay v. State,* 954 S.W.2d 344, 349 (Mo.App.1997). In instances where counsel fails to properly investigate, counsel may be found to have provided ineffective assistance of counsel. *Id.*

■ To succeed on his claim of ineffective assistance of counsel for failure to investigate, the appellant was required to specifically allege and prove what "information his attorney failed to discover, that a reasonable investigation would have revealed it, and how the information would have aided his position." *Jones v. State,* 24 S.W.3d 701, 704 (Mo.App.1999) (citation omitted). Thus, the appellant had to allege and prove that a review by counsel of the discovery provided by the State would have disclosed the pictures of him without facial hair. Based upon our review, we fail to see anything in the motion hearing record that would demonstrate that if appellant's trial counsel would have reviewed the discovery in the case, he would have found the pictures in question. Accordingly, the appellant failed to carry his burden on his claim of ineffective assistance of counsel.

Even assuming, *arguendo,* that the appellant's allegation, that counsel's review of the discovery in the case would have disclosed the police photographs depicting him as clean-shaven, was proven, his claim would still fail. This is so in that the record would not support a finding of prejudice from trial counsel's alleged deficient performance. As discussed, *supra,* the appellant's claim of ineffective assistance of counsel turns on his assertion that his trial counsel was deficient in presenting at trial the defense of misidentification, which was predicated on his being able to prove that,

while the robber was described by the victim as being clean-shaven, he had a goatee. In determining to present this defense at trial, there is no dispute that it was the appellant who first advised his trial counsel that unlike the robber, he had a goatee at the time of the robbery. Based on this disclosure, counsel interviewed the appellant's mother and brother, who confirmed his assertion as to his having a goatee at the time of the robbery. Despite this fact, the appellant claims that his trial counsel did not act reasonably in presenting the misidentification defense at trial, arguing that a review of the discovery in the case would have disclosed the police photographs showing the appellant as clean-shaven such that counsel should have been alerted to the fact that the defense contemplated would likely not fly at trial, given the ability of the State, through the pictures, to refute the defense; and that counsel should have known that to present the defense was to invite a successful and fatal attack by the State on the credibility of the appellant and his witnesses.

In determining the reasonableness of counsel's actions with respect to what defenses to present at trial, it is well-settled that:

> [t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices, made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be consid-

erably diminished or eliminated altogether.

*Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at 695–96; *see also Pickens v. State,* 549 S.W.2d 910, 913 (Mo.App. 1977); *Cochrell v. State,* 537 S.W.2d 584, 585–86 (Mo.App.1976); *Barker v. State,* 505 S.W.2d 448, 451 (Mo.App.1974). We read *Strickland* and the other cases cited, with respect to the issue presented, as standing for the proposition that it is not unreasonable for trial counsel to rely on statements of the defendant in determining what defenses to pursue at trial such that his or her failure to investigate the truthfulness of the statements will not give rise to a claim of ineffective assistance of counsel for failure to investigate. Applying that standard, here, we cannot reasonably say that appellant's trial counsel had any obligation to further investigate the appellant's assertion that, unlike the description of the robber, he had facial hair. However, that is not the appellant's claim. He is not alleging that counsel had any duty to conduct any further specific investigation to corroborate the appellant's assertion that he had facial hair at the time of the robbery. Rather, he is asserting that, in the course of counsel's required general duty to review the discovery provided in the case, he should have found the pictures and understood their significance to any final decision on whether to present the defense in question at trial. Given the pictures possessed by the State, the appellant alleges that it would have been clear to competent counsel that it was not reasonable and sound trial strategy to present the defense of misidentification. Certainly, we cannot fault such logic. Whenever, in the course of fulfilling his or her general duty to review the discovery provided by the State, trial counsel discovers that the State is armed with potentially damning evidence to a contemplated course of action at trial, which course of action was

based on the assertions of the client, counsel, at a minimum, has a duty to disclose that fact to and discuss its implications with the defendant before making a final determination on whether to proceed. Despite our agreement with the logic of the appellant's argument concerning the duty of competent counsel as to the issue in question, we do not reach the merits of his competency claim in the context of this case in that we cannot say the motion court's finding, that the alleged deficiency of counsel was not outcome determinative, was clearly erroneous requiring us to reverse.

Where, as here, there is overwhelming evidence of guilt, such that it cannot be reasonably said that, but for the challenged actions of trial counsel, the jury would have found the movant not guilty beyond a reasonable doubt, the movant suffers no prejudice and his or her claim of ineffective assistance of counsel must be denied. *Hopkins,* 918 S.W.2d at 353. In this case, as to there being overwhelming evidence of the appellant's guilt, the record reflects that the appellant, in fact, confessed in writing to the robbery, which confession was admitted at trial. In light of a confession, which would obviously carry great weight with the jury, it seems unreasonable to suggest that even if appellant's trial counsel had not presented the defense of misidentification at trial, the outcome of the appellant's trial would have been any different.

For the reasons stated, we cannot say that the motion court's finding that the appellant suffered no prejudice from the alleged deficiency of his trial counsel was clearly erroneous requiring us to reverse.

Point denied.

## Conclusion

The motion court's order denying the appellant's Rule 29.15 motion for post-conviction relief, after an evidentiary hearing, is affirmed.

SPINDEN, C.J., and ULRICH, J., concur.