**STATE of Missouri, Respondent,**

v.

**Eric BODE, Appellant.**

**No. WD 62382.**

Missouri Court of Appeals,
Western District.

Feb. 3, 2004.

Rosalyn Koch, State Public Defender Office, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John Munson Morris and Dora A. Fichter, Office of Attorney General, Jefferson City, for respondent.

PAUL M. SPINDEN, Judge.

Eric Bode appeals the circuit court's judgment convicting him of assault of a law enforcement officer in the first degree, armed criminal action, possession of drug paraphernalia with intent to use it, and resisting arrest. He accuses the circuit court of error in proceeding to trial without a jury and without ascertaining whether or not he waived a jury trial voluntarily and knowingly. He also contends that the state's evidence was not sufficient to support the assault and armed criminal action convictions and that the circuit court erred in admitting a laboratory report into evidence. We affirm the circuit court's judgment convicting Bode of assault of a law enforcement officer in the first degree, armed criminal action, and resisting arrest. We, however, reverse the circuit court's judgment convicting Bode of pos-session of drug paraphernalia with intent to use it and remand for a new trial on that count.

Bode's convictions grew out of an incident on January 25, 2002. Highway Patrol trooper Rollie Skaggs stopped the car driven by Bode on Mo. 11 in Linn County to investigate a violation of a speed limit. When Skaggs asked Bode for his driving license, Bode said that he did not have it, identified himself with a false name, and gave a false birth date. Skaggs ordered Bode to get out of the car. At the rear of Skaggs' patrol car, Skaggs placed Bode under arrest for driving without a license and began handcuffing his wrists when Bode jerked free from his grasp and ran away. Skaggs chased him, and Bode circled back to his car and jumped into it. Skaggs ordered him to stop and grabbed his shirt before he could shut the car door, but the shirt ripped. Bode shut the door, trapping Skaggs' right hand. Bode drove the car forward nearly 300 feet. With his hand trapped in the door, Skaggs ran along aside the car briefly before being able to reach through the open car window, grab the steering wheel, and pull himself far enough through the open window to get his feet off the ground. He hit Bode in the face, pushed him away from the steering wheel, gained control of the wheel, and stopped the car by shifting from a drive gear. When the car stopped, Skaggs opened the car's door, freed his hand, and pulled Bode, who was trying to escape through the passenger door, from the car. With the help of three passing motorists who stopped to help, Skaggs restrained Bode.

Skaggs informed Bode of his basic constitutional rights and asked him whether or not anything illegal was in the car. Bode answered that a gun was in the car but then paused and said that he did not want to make any further statements with-

out consulting a lawyer. In searching the car, officers found a loaded pistol in a duffel bag on the rear passenger area's floorboard. In the trunk, they found items commonly used in the manufacture of methamphetamine, including pseudoephedrine pills, lithium batteries, Freon, aquarium tubing, and syringes.

In his first point relied on Bodes argues that the circuit court committed plain error when it conducted a bench trial without ascertaining that Bode's written waiver of a jury trial was voluntarily and knowingly entered as required by Rule 27.01. Bode argues that the record is void of indicating "with unmistakable clarity" that he knowingly, intelligently, and voluntarily waived his right to trial by jury.

The Sixth Amendment to the United States Constitution and Article I, § 22(a), of Missouri's constitution guarantee a criminal defendant's right to a jury trial. Article I, § 22(a), says, "[I]n every criminal case any defendant may, with the assent of the court, waive a jury trial and submit the trial of such case to the court, whose finding shall have the force and effect of verdict of a jury." The Supreme Court promulgated Rule 27.01(b) to effectuate Article I, § 22(a):

The defendant may, with the assent of the court, waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury. In felony cases such waiver by the defendant shall be made in open court and entered of record.

On November 13, 2002, the same day as the trial, Bode filed with the circuit court a document, entitled "Notice of Intent to Waive Trial by Jury," which he and his attorney, Scott Hayes, signed. The document said, "Comes Now the Defendant ... and states to the Court that it is [his] intention to waive trial by jury as provided by Rule 27.01, Supreme Court Rules of Criminal Procedure, and, with the assent of the Court, submit the trial of this criminal case to the Judge alone."

At the beginning of Bode's trial, the circuit court asked whether or not the parties had any preliminary matters. Hayes asked the circuit court, "Do you have Mr. Bode on the record as waiving his right to jury trial, Judge?" The circuit court responded, "Did you do it in writing? Do you have a written waiver?" After finding in the circuit court's file the document referred to above, the circuit court said only, "All right. Any other preliminary matters?"

 Plain error review is governed by Rule 30.20, which authorizes us to review, in our discretion, "plain errors affecting substantial rights ... when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Under Rule 30.20, plain error review involves a two-step process. *State v. Dudley*, 51 S.W.3d 44, 53 (Mo.App.2001). First, we must determine whether or not the claimed error "facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted[.]' " *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc), *cert. denied*, 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995) (citation omitted). Errors are plain if they are evident, obvious, and clear. *State v. Hawthorne*, 74 S.W.3d 826, 829 (Mo.App. 2002). In the absence of "plain error," we lack discretion to review claimed error under Rule 30.20. If we find plain error on the face of the claim, Rule 30.20 authorizes us to proceed, at our discretion, to the second step of the review process and to consider whether or not a miscarriage of justice or manifest injustice will occur if the error is not corrected. *Dudley*, 51 S.W.3d at 53.

 From the face of the record, we do not discern plain error. " '[A] criminal defendant has a right to waive his constitutional right to a jury trial provided such waiver is voluntarily, knowingly and intelligently made.' " *State v. Sharp*, 533 S.W.2d 601, 605 (Mo. banc 1976) (citation omitted). Rule 27.01(b) governs waiver of a jury trial and requires, in felony cases, that the waiver be made in open court and entered of record and be made with the circuit court's assent. The waiver and the assent must "appear from the record with unmistakable clarity." *State v. Bibb*, 702 S.W.2d 462, 466 (Mo. banc 1985).

 On the day of trial, Hayes filed a waiver signed by him and Bode. A written jury waiver, signed by client and lawyer, filed with the court, is an effective waiver of a jury trial and complies with Rule 27.01(b). *State v. Butler*, 415 S.W.2d 784, 785 (Mo.1967); *State v. Turnbough*, 604 S.W.2d 742, 746 (Mo.App.1980). The circuit court acknowledged that the written waiver was in the court's file and tersely assented to it.

 From the face of the record, Bode expressed his waiver in a written pleading that he and his lawyer signed, and Hayes expressed the waiver in open court with the judge's assent. Bode's waiver and the judge's assent appear on the record with unmistakable clarity. Bode was present during the proceedings and raised no objections. *See State v. Hatton*, 918 S.W.2d 790, 795 (Mo. banc 1996). We, therefore, decline review of Bode's claim under Rule 30.20.

 In his second point, Bode challenges the sufficiency of the state's evidence:

The trial court erred in denying [Bode's] motion for judgment of acquittal at the close of all the evidence and in entering judgment of guilt of assault of a law enforcement officer and armed criminal action, because the evidence was insufficient to find that [Bode] drove off with the intent of harming the trooper, in that there was no evidence showing that [Bode] was aware that the trooper could not get away; he made no threats against the trooper; and the evidence showed that he was trying to drive away from, not toward, the trooper in continuance of flight; so that this actions were at most evidence of recklessness, so that his conviction violates the Fifth and Fourteenth Amendments to the United States Constitution and Art. I, § 10 of the Missouri Constitution.

In considering Bode's point, we must consider as true the evidence most favorable to the state, together with the reasonable inferences to be drawn from it, and we must disregard evidence and inferences to the contrary. *State v. Wahby*, 775 S.W.2d 147, 154 (Mo. banc 1989). We do not reweigh the evidence or determine witnesses' credibility. *State v. Carson*, 898 S.W.2d 555, 557 (Mo.App.1995). We are obligated to reject the challenge if we conclude that the state presented enough evidence to permit a juror to find, beyond a reasonable doubt, that the defendant was guilty. *State v. Langdon*, 110 S.W.3d 807, 811 (Mo. banc 2003).

"A person commits the crime of assault of a law enforcement officer in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to a law enforcement officer." Section 565.081.1, RSMo 2000. A physical injury is serious if it "creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." Section 565.002(6), RSMo 2000. Skaggs did not suffer a serious physical injury, but the state accused Bode of attempting to

kill Skaggs or attempting to cause him serious physical injury.

 "Assault in the first degree, without injury to the victim, requires proof of a very specific intent on the part of the actor to cause serious physical injury." *State v. Burton,* 863 S.W.2d 16, 17 (Mo.App.1993). The state's burden was to establish through competent and substantial evidence that Bode intended to kill Skaggs or to cause him serious physical injury. Because defendants rarely make their intentions known directly, fact finders must rely on circumstantial evidence to infer such intentions. *Id.*

 The circuit court had sufficient circumstantial evidence to infer reasonably that Bode intended to cause Skaggs serious physical injury. Bode knew from Skaggs' ripping his shirt that Skaggs was trying to grab him as he jumped into the car and, therefore, Skaggs was in danger of being seriously injured when Bode slammed the car door shut. Although he knew that Skaggs was very close to the car, Bode slammed on the gas trying to drive the car away at high speed, putting Skaggs in danger of being hit by the car. Even if he did not know that Skaggs' hand was trapped in the car door, Bode tried to speed away in the car knowing that Skaggs was endeavoring to climb into the car to apprehend him and was hanging partially out of the car in danger of getting seriously hurt. Bode did not stop the car to protect Skaggs from injury.

In Bode's third point, he challenges the circuit court's overruling his objection and admitting into evidence a lab report that indicated that methamphetamine was on some of the items seized from Bode's car. Bode complains that "the state failed to prove that items tested by the Missouri State Highway Patrol laboratory were in the same condition as when they were seized, as none of the officers testified to

what happened to them after they were seized or before they were delivered to the Highway Patrol laboratory." Bode argues that the state presented no evidence that items tested were in the same, or nearly the same, condition when technicians tested them as they were in when officers seized them. We agree.

 We review the circuit court's decision to admit or to exclude evidence by determining whether or not the circuit court clearly abused its discretion in making its ruling. *State v. Simmons,* 944 S.W.2d 165, 178 (Mo. banc), *cert. denied,* 522 U.S. 953, 118 S.Ct. 376, 139 L.Ed.2d 293 (1997). The state argues that it does not have to establish a chain of custody for the admission of evidence when the evidence is positively identified at trial. *State v. Spencer,* 62 S.W.3d 623, 627 (Mo.App. 2001). "[I]f evidence can be identified at trial there is no need to establish chain of custody.... The chain of custody is only necessary when evidence is not distinguishable as is the case where items such as drugs are seized." *State v. Davenport,* 924 S.W.2d 6, 10 (Mo.App.1996). In this case, Highway Patrol Trooper Doug Melton positively identified the items seized from Bode's car. This, however, is not the end of the issue as the state suggests. The state sought to introduce not only the items seized from the car but also sought to introduce the lab report performed on the items.

 "To receive exhibits and testimony regarding tests performed on those exhibits, the [circuit] court must be satisfied as to the identity of the exhibits *and that the exhibits were in the same condition when tested as when they were obtained." State v. Dawson,* 985 S.W.2d 941, 953 (Mo.App.1999). The state was required to "provide the court with a reasonable assurance that the exhibits were not

tampered with or contaminated." *Id.* "Under the reasonable assurance standard, the state is not required to account for every hand-to-hand transfer of an exhibit between the time it was obtained and its introduction at trial, nor is it required to exclude every possibility that the evidence had been disturbed." *State v. Clay,* 817 S.W.2d 565, 568 (Mo.App.1991).

In this case, the state did not establish that the articles tested by the laboratory were in substantially the same condition as they were when officers seized them from Bode's car. None of the officers testified about what happened to the items after they were seized. Josh Robertson, who tested the items, testified that an evidence receipt form indicated the date on which the evidence was received in the laboratory, who received it, the number assigned to it, and the date of the crime. Robertson initialed and dated all items tested and signed the lab report. Such evidence, however, could not have provided the circuit court with a reasonable assurance that the two methamphetamine-tainted items were the same when tested as they were when seized by the officers or that the items were not altered, tampered with, or substituted. The circuit court, therefore, abused its discretion in overruling Bode's objection to the lab report.

Because the lab report suggested that Bode possessed the drug paraphernalia found in the car for the purpose of using a controlled substance, he was prejudiced by the admission of the lab report into evidence. Hence, we reverse the circuit court's judgment convicting Bode of unlawful use of drug paraphernalia, and remand for a new trial on that charge. We affirm, however, the circuit court's judgment convicting Bode of assault of a law enforcement officer in the first degree, armed criminal action, and resisting arrest.

THOMAS H. NEWTON, Presiding Judge, and PATRICIA A. BRECKENRIDGE, Judge, concur.