**Eric A. BODE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 65477.**

Missouri Court of Appeals,
Western District.

Oct. 17, 2006.

Mark A. Grothoff, Assistant State Public Defender, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before EDWIN H. SMITH, C.J., and BRECKENRIDGE and SPINDEN, JJ.

EDWIN H. SMITH, Chief Judge.

Eric A. Bode appeals from the motion court's order overruling, after an evidentiary hearing, his Rule 29.15[1] motion for post-conviction relief, alleging ineffective assistance of counsel and seeking to set aside his convictions, after a bench trial, on Count I for assault of a law enforcement officer in the first degree, § 565.081.1;[2] on Count II for armed criminal action (ACA), § 571.015; and on Count VI for resisting arrest, § 575.150. He was also convicted on Count V for possession of drug paraphernalia with intent to use, § 195.233, but that conviction was reversed on direct appeal in *State v. Bode*, 125 S.W.3d 924 (Mo.App. 2004). He was found not guilty on Count III for attempted manufacturing of a controlled substance, § 195.211, and Count IV for unlawful use of a weapon, § 571.030. Pursuant to §§ 558.016 and 557.036, the appellant was sentenced as a prior and persistent offender to concurrent prison terms in the Missouri Department of Corrections to thirty and fifteen years on Counts I and II, respectively, for the felonies of assault of a law enforcement officer and ACA. As to his misdemeanor conviction on Count VI, resisting arrest, he was sentenced to one year in the Linn County Jail, to be served concurrently with his prison sentences on Counts I and II.

In his sole point on appeal, the appellant claims that the motion court erred in denying his Rule 29.15 motion, after an evidentiary hearing, because the motion court's findings of fact and conclusions of law, in denying his motion, that he did not receive ineffective assistance of counsel for trial counsel's alleged failure to file, pursuant to Rule 29.11(e), a motion for new trial: (1) generally, "on any issues," and (2) specifically, on the issue of whether the trial court erred in accepting the appellant's written waiver of a jury trial and proceeding to a bench trial without first "ascertaining that appellant's waiver was volun-

---

1. All rule references are to Missouri Rules of Criminal Procedure, 2006, unless otherwise indicated.

2. All statutory references are to RSMo, 2000, unless otherwise indicated.

tarily and knowingly entered, as required by Rule 27.01," were clearly erroneous.

We dismiss, in part, and affirm, in part.

## Facts

The appellant's convictions arose out of the events of January 25, 2002. On January 25, 2002, the appellant was driving his parents' vehicle southbound on Missouri 11, approximately one mile north of the Linn/Chariton county line in Linn County. Trooper Rollie Skaggs of the Missouri State Highway Patrol determined, through the use of a radar gun, that the appellant was speeding, and he stopped the vehicle.

Once the appellant's vehicle was stopped, Trooper Skaggs approached the driver's side window, explained to the appellant that he had stopped him for speeding, and asked him for his name and proof of insurance. The appellant told him that his name was Thomas Wilcoxson, but that he did not have any identification on him. Trooper Skaggs asked him if he had any proof that he was Thomas Wilcoxson. The appellant volunteered that he was 18 years old and born on January 12, 1982. Trooper Skaggs realized that since it was January 25, 2002, anybody born on January 12, 1982, would have to be 20 years old, so he asked him again for his real name. The appellant refused to tell him, so Trooper Skaggs ordered him out of the vehicle.

Trooper Skaggs informed the appellant that he was placing him under arrest for driving without a license. He attempted to handcuff the appellant, but the appellant jerked his hands away and fled on foot into a ditch. Trooper Skaggs pursued the appellant on foot. After running a few hundred feet, the appellant turned around and headed back toward his vehicle. Trooper Skaggs remained in pursuit. Once he reached his vehicle, the appellant got into the front seat. At that time, Trooper Skaggs was able to reach into the vehicle and grab the appellant by his shirt, but the appellant's shirt ripped, and the trooper lost his grip on him. As Trooper Skaggs was trying to reach back into the vehicle to grab the appellant, the appellant slammed the vehicle door shut on Trooper Skaggs' right hand. The appellant tried to accelerate the vehicle; however, because it was on an asphalt shoulder, it could not accelerate quickly. Trooper Skaggs was able to run alongside the vehicle until he was able to reach in the driver's side window, grab the steering wheel with his left hand, and pull his upper torso into the window. Trooper Skaggs and the appellant fought over control of the steering wheel. Trooper Skaggs was finally able to gain control of the steering wheel and steer the vehicle into the ditch that ran alongside the road, at which time he was able to shift the vehicle into park, causing it to come to a stop.

After the appellant's vehicle was stopped, Trooper Skaggs was able to free his hand from the door and pull the appellant, who was trying to escape through the passenger's side door, out of the vehicle. With the help of three bystanders, who had just stopped to help, Trooper Skaggs restrained the appellant. Trooper Skaggs read him his *Miranda* rights, which the appellant stated he understood. The appellant finally admitted that his name was Eric Bode. Trooper Skaggs asked if there were any illegal items in the vehicle. The appellant admitted that there was a gun in the vehicle, but refused to say anything else until he was provided an attorney. The appellant was then transported to the Brookfield Police Station.

A search of the appellant's vehicle revealed a duffel bag on the rear passenger seat floorboard, which contained a loaded .22 caliber Ruger pistol. In the trunk of the vehicle, the police found numerous ingredients commonly used in the production

of methamphetamine. These items were later tested by the Missouri State Highway Patrol's laboratory, and it was determined that they were covered with methamphetamine residue.

On June 30, 2002, the appellant was charged by information in lieu of an indictment in the Circuit Court of Linn County with six counts: Count I, the class A felony of assault of a law enforcement officer in the first degree, § 565.081.1; Count II, the felony of ACA, § 571.015; Count III, the class B felony of attempted manufacturing of a controlled substance, § 195.211; Count IV, the class D felony of unlawful use of a weapon, § 571.030.1(1); Count V, the class A misdemeanor of possession of drug paraphernalia with intent to use, § 195.233; and Count VI, the class A misdemeanor of resisting arrest, § 575.150.

On November 13, 2002, the appellant filed a "NOTICE OF INTENT TO WAIVE TRIAL BY JURY," signed by him and his trial counsel, which read:

Come Now the Defendant in the above-entitled cause, and states to the Court that it is his/her intention to waive trial by jury as provided by Rule 27.01, Supreme Court Rules of Criminal Procedure, and, with the assent of the Court, submit the trial of this criminal case to the Judge alone.

The case proceeded to trial that same day. At the beginning of the trial, the trial court asked whether there were any preliminary matters to take up with the court. The appellant's trial counsel asked the court whether it had the appellant "on the record as waiving his rights to a jury trial?" The trial court responded: "Did you do it in writing? Did you have a written waiver?" After finding the waiver in the file, the trial court asked if there were "[a]ny other preliminary matters?" The State answered yes, and the trial court moved on to another unrelated matter. At trial, the State offered, and the trial court admitted into evidence, over the appellant's objection, the Patrol's laboratory report, which indicated the presence of methamphetamine residue on the items seized from the vehicle the appellant was driving.

At the conclusion of the bench trial, the appellant was found guilty on Counts I, II, V, and VI and not guilty on Counts III and IV. Pursuant to §§ 558.016 and 557.036, the appellant was sentenced as a prior and persistent offender to concurrent prison terms in the Missouri Department of Corrections of thirty and fifteen years on Counts I and II, respectively, for the felonies of assault of a law enforcement officer and ACA. As to his misdemeanor convictions on Count V for possession of drug paraphernalia and Count VI for resisting arrest, he was sentenced to one year in the Linn County Jail on each count, to be served concurrently with his prison sentences on Counts I and II.

On January 17, 2003, the appellant appealed his convictions to this court claiming, *inter alia*, that the trial court erred in proceeding to a bench trial without ascertaining whether his written waiver was voluntarily, intelligently, and knowingly entered into, as required by Rule 27.01. On appeal, this court declined plain error review of the appellant's claim of error regarding his jury waiver, *State v. Bode*, 125 S.W.3d at 928, and affirmed the trial court judgment of his convictions as to Counts I, II, and VI, *id.* at 928–29. However, the trial court's judgment of his conviction as to Count V was reversed because the court found that the laboratory report, which indicated the presence of methamphetamine residue on the items seized from the appellant's vehicle, was improperly admitted into evidence because the State failed to lay a proper foundation for its admission in that no officer testified

as to the chain of custody of the items seized before they were tested. *Id.* at 929–30.

On April 29, 2004, the appellant filed a timely *pro se* Rule 29.15 motion alleging, *inter alia,* that his trial counsel was ineffective for failing to file a motion for new trial, generally, on any issues. On August 5, 2004, appointed counsel timely filed a statement in lieu of an amended motion stating that she would not file an amended motion in that no other meritorious claims had been omitted from the appellant's *pro se* motion. On January 5, 2005, the motion court held an evidentiary hearing at which the appellant and his trial counsel, Scott Hayes, testified. No other witnesses were called. On April 18, 2005, the motion court issued its findings of fact and conclusions of law, denying the appellant's motion.

This appeal follows.

### Standard of Review

■■■ Appellate review of a motion court's ruling on a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). "Findings and conclusions are clearly erroneous only if, after review of the entire record, we are left with a definite and firm impression that a mistake has been made." *Anderson v. State,* 66 S.W.3d 770, 774 (Mo.App.2002). Regardless of the motion court's findings and conclusions in denying the appellant's motion, we must affirm the court's decision if sustainable upon other grounds. *Collins v. State,* 54 S.W.3d 226, 229 (Mo.App.2001).

### I.

In his sole point on appeal, the appellant claims that the motion court erred in denying his Rule 29.15 motion, after an evidentiary hearing, because the motion court's findings of fact and conclusions of law,

determining that he did not receive ineffective assistance of counsel for trial counsel's alleged failure to file, pursuant to Rule 29.11(e), a motion for new trial: (1) generally, "on any issues," and (2) specifically, on the issue of whether the trial court erred in accepting the appellant's written waiver of a jury trial and proceeding to a bench trial without first "ascertaining that appellant's waiver was voluntarily and knowingly entered, as required by Rule 27.01," were clearly erroneous. We disagree.

■■■ In order to prevail on a claim of ineffective assistance of counsel, the movant must satisfy the two-prong test of *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984), which requires "proof by a preponderance of the evidence that: (1) his trial counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) his defense was prejudiced as a result." *Anderson v. State,* 66 S.W.3d at 775. "If the movant fails to satisfy either the performance or the prejudice prong of the test, then we need not consider the other and his claim of ineffective assistance of counsel must fail." *Id.*

■■■ To satisfy the performance prong of the *Strickland* test, the movant must identify specific acts or omissions of counsel that resulted from unreasonable professional judgment, which the motion court must find are outside the range of competent assistance. *Peterson v. State,* 149 S.W.3d 583, 585 (Mo.App.2004). In identifying such acts or omissions of counsel, the movant " 'must overcome the presumptions that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment.' " *Anderson v. State,* 66

S.W.3d at 775 (*quoting State v. Simmons*, 955 S.W.2d 729, 746 (Mo. *banc* 1997)). The Supreme Court in *Strickland* refused to define "sound trial strategy" since "[t]here are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. A reviewing court, therefore, "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690, 104 S.Ct. 2052. Because of the inherent difficulty of this review, the movant has a heavy burden to overcome the presumption that counsel was competent. *Id.* at 689, 104 S.Ct. 2052.

 To satisfy the prejudice prong of the *Strickland* test, the movant " 'must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson v. State*, 66 S.W.3d at 775 (*quoting State v. Simmons*, 955 S.W.2d at 746). Under this prong, simply showing that the alleged error had a conceivable effect on the trial outcome is not sufficient; instead, the appellant must show that, absent the error, there is a reasonable probability that he would have been found not guilty. *Id.* The prejudice prong may be reviewed first, and if it is easier to dispose of the issue on such grounds, the appellate court may do so. *State v. Buckner*, 929 S.W.2d 795, 801 (Mo. App.1996).

## A. Failure to File a Motion for New Trial "On Any Issues"

 The appellant first claims that the motion court erred in denying his claim of ineffective assistance of counsel for trial counsel's failure to file a motion for new trial "on any issues." In that regard, it is well settled that we will not convict trial counsel of being deficient for failing to do a futile act. *Edgar v. State*, 145 S.W.3d 458, 461 (Mo.App.2004). Hence, for the appellant to satisfy the performance prong of the *Strickland* test, as to a claim of ineffective assistance of trial counsel for failure to make a motion, he had the burden at the motion hearing to show, *inter alia*, that had his trial counsel made the motion in question, it would have been granted. *State v. Thurman*, 887 S.W.2d 403, 410 (Mo.App.1994). Accordingly, where, as here, the appellant only claims generally that a motion for a new trial should have been filed, without specifying the underlying trial errors on which the motion should have been made, there is no way of ascertaining whether the motion, if made, would have been granted, such that the appellant failed to allege deficient performance of trial counsel requiring post-conviction relief.

 Even assuming, *arguendo*, that the appellant could somehow satisfy the performance prong of the *Strickland* test for the failure of trial counsel to file a motion for a new trial, without specifying the underlying trial errors for the motion, his claim must still fail in that the prejudice he alleges would not satisfy the prejudice prong of the *Strickland* test. As to *Strickland* prejudice with respect to his claim that his trial counsel was deficient for failing to file a motion "on any issues," the appellant first claims that if trial counsel would have filed a motion for new trial, it "would have properly been granted." This, of course, relates to our discussion, *supra*, regarding the *Strickland* performance prong. As is the case with the performance prong, there is no way the appellant could ever show the prejudice he claims, for trial counsel's failure to file a motion for new trial, without stating the underlying trial error for the motion.

*State v. Madison,* 997 S.W.2d 16, 22 (Mo. banc 1999).

The appellant also claims that he was prejudiced by his trial counsel's failure to file a motion for new trial "on any issues" in that the failure to file such a motion relegated him to a "higher standard" of review on appeal, plain error review, in accordance with Rule 30.20, rather than regular review for error, with the likelihood that his conviction would have been reversed on appeal under the lower standard. In making this claim, the appellant misunderstands *Strickland* prejudice as to alleged professional errors of *trial* counsel. We would first note that, pursuant to Rule 29.11(d), "[i]n jury-tried cases, allegations of error to be preserved for appellate review must be included in a motion for new trial[,]" except in three instances, none of which apply here. However, as to judge-tried cases, like the case at bar, pursuant to Rule 29.11(e)(1), a motion for new trial is not required to preserve trial error for appellate review. As such, the failure of appellant's trial counsel here to file a motion for new trial should not have invoked plain error review, which the appellant claims as *Strickland* prejudice. That said, in reviewing the appellant's direct appeal in *State v. Bode,* 125 S.W.3d 924, 927–28 (Mo.App.2004), we learn that his claim of error as to the failure of the trial court to ascertain whether his waiver was knowingly, voluntarily, and intelligently entered into, was considered for plain error review only, under Rule 30.20, as requested by the appellant, which was denied. We cannot ascertain from the opinion what was the cause for the appellant's requesting plain error review, since the filing of a motion for new trial was not required to preserve trial error for appellate review. It matters not, however, in that even if the appellant was entitled to something other than plain error review consideration by this court on direct appeal, the prejudice the appellant claims is still not sufficient to satisfy the *Strickland* prejudice prong.

In claiming prejudice, the appellant keys on what the outcome of his direct appeal would have been if trial counsel had filed a motion for new trial, preserving the issue for appeal, whatever that issue might be, so as to avoid the higher standard of plain error review on appeal. This, of course, ignores the fact that in order to show *Strickland* prejudice in the context of ineffective assistance of trial counsel, the appellant must show that but for the alleged professional errors of trial counsel, the outcome of his trial would have been different, *Anderson v. State,* 66 S.W.3d at 775, not the outcome of any direct appeal. Hence, in this case, given the parameters of the appellant's claim, the analysis as to the prejudice prong would be essentially identical to the performance prong, discussed *supra,* whether there was a reasonable probability that the motion for new trial would have been sustained by the trial court, had such a motion been made, such that the trial court would have reversed the appellant's conviction and granted the appellant a new trial. And this review, of course, would not be under Rule 30.20 for plain error, the prejudice of which the appellant complains as to trial counsel's failure to file a motion for new trial. Rather, the appellant would receive the very review to which he claims he was entitled and denied, albeit by this court in his post-conviction proceeding rather than on his direct appeal.

**B. Failure to File a Motion for New Trial as to Waiver of Jury Trial**

The appellant also claims that the motion court erred in not determining that his trial counsel was ineffective for failing to file a motion for new trial, alleging that the trial court erred in accepting the appellant's written waiver of a jury trial and

proceeding to a bench trial without first "ascertaining that appellant's waiver was voluntarily and knowingly entered, as required by Rule 27.01." The State contends that we should dismiss the appellant's appeal as to this claim because he did not raise it in his Rule 29.15 motion and, thus, waived his claim. We agree.

In his Rule 29.15 motion, the appellant asserted only the general claim that his trial counsel was ineffective for failing to file a motion for new trial "on any issues." In that regard, his motion reads, in pertinent part:

> Counsel failed to file a motion for a new trial after requesting additional time to do so, and being granted leave of the court to file said motion. In support of this point, movant will rely on the Trial Transcripts and *Roe v. Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) Holding: the complete denial of counsel during a critical stage of a judicial proceeding, however, mandates a presumption of prejudice because "The adversary process" itself has been rendered "presumptively unreliable." Ortega went further holding: "The even more serious denial of the entire judicial proceeding also demands a presumption of prejudice because no presumption of reliability can be accorded to proceedings that never took place."

Nowhere in this claim or anywhere else in his Rule 29.15 motion does the appellant allege that his trial counsel was ineffective for failing to file a motion for new trial on the specific issue that his waiver of a jury trial was fatally defective for the trial court's failure to comply with Rule 27.01. Pursuant to Rule 29.15(d):

> The motion to vacate shall include every claim known to the movant for vacating, setting aside, or correcting the judgment or sentence. The movant shall declare in the motion that the movant has listed all claims for relief known to the movant and acknowledging the movant's understanding that the movant waives any claim for relief known to the movant that is not listed in the motion.

As such, the appellant's claim that the motion court erred in failing to determine that he received ineffective assistance of counsel for his trial counsel's failure to file a motion for new trial on the basis that the trial court did not conduct, in accordance with Rule 27.01, an independent examination to ascertain whether the appellant's written waiver of a jury trial was made knowingly, intelligently, and voluntarily, cannot be asserted for the first time on appeal and, therefore, is waived. *Cook v. State,* 193 S.W.3d 378, 383 (Mo.App.2006). Hence, his appeal as to this claim is dismissed.

### Conclusion

As to the appellant's claim that the motion court erred in overruling, after an evidentiary hearing, his Rule 29.15 motion for ineffective assistance of counsel, on the basis that his trial counsel was ineffective for failing to file a motion for new trial alleging that the trial court failed to follow Rule 27.01, as required, in accepting his jury trial waiver, his appeal is dismissed. The motion court's order overruling, after an evidentiary hearing, the appellant's Rule 29.15 motion for ineffective assistance of counsel, which alleged that his trial counsel was ineffective for failing to file a motion for new trial "on any issues," is affirmed.

BRECKENRIDGE and SPINDEN, JJ., concur.