STATE of Missouri, Respondent,

v.

Cornelius D. MOORE, Appellant.

No. WD 75492.

Missouri Court of Appeals,
Western District.

Oct. 1, 2013.

Motion for Rehearing and/or Transfer
to the Supreme Court Denied
Oct. 29, 2013.

Application for Transfer Denied
Dec. 24, 2013.

Shaun Mackelprang, Jefferson City, MO, for Respondent.

Damien Sepher Bhakti De Loyola, Kansas City, MO, for Appellant.

Before Division One: VICTOR C. HOWARD, P.J., JOSEPH M. ELLIS, and ANTHONY REX GABBERT, JJ.

ANTHONY REX GABBERT, Judge.

Cornelius D. Moore appeals the circuit court's judgment finding him guilty of assault in the first degree. Moore raises two points on appeal. In his first point on appeal, Moore argues that the circuit court failed to assent to his waiver of a jury trial as required by the Missouri Constitution. Moore contends manifest injustice resulted from this failure because a court rather than a jury found him guilty. In his second point, Moore argues that he did not knowingly, voluntarily, and intelligently waive his right to a jury trial. Moore contends that his written waiver, which is the only manifestation on the record of his intent to waive a jury trial, is insufficient to establish that Moore's waiver was knowingly, voluntarily, and intelligently made. We affirm.

## Statement of Facts

Because Moore does not allege that there was insufficient evidence to support his conviction, it is not necessary to recite the facts of the offense here, other than noting that Moore contended at trial that he acted in self-defense.

On August 25, 2011, Moore was charged, as a prior offender, with the class A felony of assault in the first degree. The case was scheduled for a jury trial on January 23, 2012 at 9:00 a.m. On January 20, 2012, the docket sheet stated that Moore's attorney called the court and the cause was rescheduled to June 18, 2012, at 9:00 a.m. for bench trial. On May 10, 2012, a waiver of right to jury trial was filed with the court. It read: "Comes now defendant, Cornelius Moore, and having been advised by counsel of his right to trial by jury in the above-captioned case, hereby waives his right to trial by jury in this case and submits the trial of this cause to the court, all pursuant to Article I, Section 22(a) of the Constitution of Missouri." The waiver was signed by both Moore and his attorney.

There were three hearings on the record that took place between January 20, 2012 and the bench trial on June 18, 2012. None of these hearings related to the waiver of the right to a jury trial. On June 18, 2012, the bench trial began. The court opened by stating: "This cause does come before the Court at this time for a bench trial, a trial to the Court. Pursuant to our discussions earlier, counsel are ready to proceed at this time. Is that

correct?" Moore's attorney responded: "That's correct, Your Honor." At the conclusion of the bench trial, Moore was found guilty of assault in the first degree and sentenced to fourteen years imprisonment. Moore appeals.

## Standard of Review

■■■ Moore concedes that he did not object to being tried without a jury at trial. Constitutional claims must be made at the first opportunity. *State v. Fassero*, 256 S.W.3d 109, 117 (Mo. banc 2008). "Where the claim was not properly raised, however, this Court has discretion to review for plain error 'when the court finds that manifest injustice or miscarriage of justice has resulted[.]'" *State v. Baxter*, 204 S.W.3d 650, 652 (Mo. banc 2006) (quoting Rule 30.20). "'[U]nder Missouri law, plain error can serve as the basis for granting a new trial on direct appeal only if the error was outcome determinative[.]'" *Id.* (quoting *Deck v. State*, 68 S.W.3d 418, 424 (Mo. banc 2002)). "Manifest injustice is determined by the facts and circumstances of the case, and the defendant bears the burden of establishing manifest injustice." *Id.*

■■■ "[I]n order to be entitled to relief on direct appeal under the plain error rule, a criminal defendant claiming a denial of his right to trial by jury has the burden to show that his waiver thereof was not voluntarily, knowingly, and intelligently made." *State v. Ramirez*, 143 S.W.3d 671, 676 (Mo.App.2004). The criminal defendant "must also show that, had he been adequately apprised of his right to trial by jury, 'he would have insisted on having his guilt or innocence determined by a jury, rather than the trial court.'" *Id.* at 677 (citing *Luster v. State*, 10 S.W.3d 205, 212 (Mo.App.2000)).

## Waiver of Right to a Jury Trial

We address Moore's two points on appeal together. In his first point on appeal,

Moore argues that the circuit court failed to assent to his waiver of a jury trial as required by the Missouri Constitution. Moore contends manifest injustice resulted from this failure because a court rather than a jury found him guilty. In his second point, Moore argues that he did not knowingly, voluntarily, and intelligently waive his right to a jury trial. Moore contends that his written waiver, which is the only manifestation on the record of his intent to waive a jury trial, is insufficient to establish that Moore's waiver was knowingly, voluntarily, and intelligently made. We disagree.

■■■ Both the U.S. Constitution and the Missouri Constitution guarantee a defendant in a criminal case the right to a jury trial. U.S. Const. amend. VI; Mo. Const. art. I, § 22(a). Article I, Section 22(a) of the Missouri Constitution states in part: "[I]n every criminal case any defendant may, with the assent of the court, waive a jury trial and submit the trial of such case to the court, whose finding shall have the force and effect of a verdict of a jury." In Missouri, a defendant's constitutional right to a jury trial may be waived in accordance with the requirements of Rule 27.01(b). *State v. Beam*, 334 S.W.3d 699, 704 (Mo. App.2011). Rule 27.01(b) states:

> The defendant may, with assent of the court, waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury. In felony cases such waiver by the defendant shall be made in open court and entered of record.

"[T]he purpose of [Rule 27.01(b)] is to ensure that the defendant's waiver is not allowed until the trial court is satisfied that the waiver is knowingly, voluntarily and intelligently made." *State v. Mitchell*, 145

S.W.3d 21, 24 (Mo.App.2004) (quoting *Luster*, 10 S.W.3d at 211).

While the constitution requires a knowing, voluntary, and intelligent waiver, it does not mandate how this is to be done. *Baxter*, 204 S.W.3d at 654. Missouri courts, however, have provided some guidance on what will constitute a knowing, voluntary, and intelligent waiver. In *State v. Mitchell*, "[t]he only evidence of [Mitchell's] waiver of a jury trial was the letter from [Mitchell's] counsel to the trial judge which was entered into the record and filed with the court." 145 S.W.3d at 24. The court held that this lone piece of evidence of Mitchell's waiver was insufficient to establish that Mitchell expressed, on the record, his right to waive a jury trial. *Id.* But, in *State v. Butler*, 415 S.W.2d 784 (Mo.1967), the court held that a waiver signed by both Butler and his attorney and "approved" by the judge was sufficient evidence "that the constitutional authority was exercised and that the requirements of its exercise as defined by rule were satisfied by the [waiver]."[1] 415 S.W.2d at 785. More recent cases have upheld a waiver of right to a jury trial where the defendant and his counsel signed the waiver and the court mentioned the waiver in open court. *See State v. Hannah*, 337 S.W.3d 114 (Mo.App.2011) (finding the defendant's waiver to be knowingly, voluntarily, and intelligently made where the waiver was signed by both the defendant and his counsel and the court confirmed with the defendant's counsel in open court that a written waiver had been filed and that the defendant was ready to proceed with a bench trial); *State v. Bode*, 125 S.W.3d 924 (Mo.App.2004) (holding that the waiver was made with "unmistakable clarity" where the written waiver was signed by both the defendant and counsel and the waiver was mentioned in open court at the start of the trial).

Here, Moore's counsel called and presumably informed the court that Moore was waiving his right to a jury trial because the scheduled January 23, 2012 jury trial was changed to a bench trial to be held on June 18, 2012.[2] This phone call was documented on the docket sheet. In addition to this phone call, a written waiver was signed by both Moore and his attorney and submitted to the court. The letter stated that Moore had been "advised by counsel of his right to trial by jury" and that he "hereby waives his right to trial by jury." This waiver was nearly identical to the waiver upheld in *Hannah*, 337 S.W.3d at 117. Additionally, Moore's waiver was documented on the docket sheet and became part of the record. Lastly, there is nothing on the record that impeached the waiver. *Butler*, 415 S.W.2d at 785. Thus, Moore's waiver appears to be knowingly, voluntarily, and intelligently made in that the waiver was in writing, contained language stating that the defendant was aware of his right to a jury trial and waived that right, and was signed by both the defendant and his counsel.

Nevertheless, Moore contends that the court did not explicitly inquire about the waiver of either the defendant or his counsel in open court. In this case, at

---

1. Rule 26.01(b) that is cited in *Butler* is now Rule 27.01(b). There were no substantive changes made between the two rules.

2. We say "presumably informed the court" because the only mention of the phone call on the record states: "Per phone call received from [Moore's counsel], cause is rescheduled to June 18, 2012 at 9:00 a.m. for bench trial. Copy of docket entry to Prosecuting Attorney and Platte County jail." We do note, however, that had the phone call and the above docket entry been the only evidence of waiver, the waiver would not have been knowingly, voluntarily, and intelligently made. *See Mitchell*, 145 S.W.3d at 24.

the start of the trial, the court stated: "This cause does come before the Court at this time for a bench trial, a trial to the Court. Pursuant to our discussions earlier, counsel are ready to proceed at this time. Is that correct?" Moore's attorney responded: "That's correct, Your Honor." While it is best practice for a court to question the defendant on the record "to ensure that the defendant understands what is lost in the waiver, has discussed the issue with defense counsel, and voluntarily intends to waive the right," failure to do so, however, "does not mean plain error occurred." *Baxter*, 204 S.W.3d at 655. Rule 27.01 "does not contain th[e] requirement" that the court examine personally concerning his waiver of a jury trial, "but only requires that a waiver be made in 'open court.'" *Id.* at 653. Defense counsel's acknowledgement in open court that the case would be tried to the court, rather than a jury, is similar to acknowledgements that a jury trial waiver had been filed in *Baxter, Hannah,* and *Bode.* Moreover, a court necessarily assents to a defendant's waiver when a waiver is knowingly, voluntarily, and intelligently made and the court then proceeds with a bench trial. *See Luster,* 10 S.W.3d at 211; *Bode,* 125 S.W.3d at 927–28. As the record supports that Moore's signed written waiver was knowingly, voluntarily, and intelligently made and Moore has failed to prove otherwise, he has failed to establish substantial grounds for believing that he became a victim of manifest injustice when the court assented to his waiver by conducting a bench trial. Points one and two are denied.

We conclude, therefore, that the circuit court did not plainly err when it conducted a bench trial because Moore's signed written waiver and the court's procedure, pursuant to Rule 27.01(b), was sufficient to demonstrate that his waiver was knowingly, voluntarily, and intelligently made and, as a result, the court assented to the waiver. We further conclude that Moore has failed to demonstrate that manifest injustice occurred when the court assented to his waiver and conducted a bench trial. We affirm the circuit court's judgment.

All concur.