STATE of Missouri,
Plaintiff–Respondent,

v.

Jeffrey Scott IMBODEN,
Defendant–Appellant.

No. 53663.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 30, 1988.

**110**

Joseph M. Hadican, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Judge.

Defendant, Jeffrey Scott Imboden, appeals his conviction of attempted stealing property valued over $150 by coercion. Defendant was sentenced to imprisonment for five years. We reverse.

Defendant was charged by information, in lieu of indictment, with attempted stealing by coercion in that "the defendant took $5,000 U.S. currency and a 1982 Porsche title from Roger Sparks after making threats of harm that would befall Roger Sparks if he didn't pay...." Defendant waived his right to trial by jury. The stipulated evidence consisted of: (1) tapes of conversations and transcripts of those conversations between Roger Sparks and defendant and between defendant and Kathy Sparks; (2) reports of the Creve Coeur Police Department; and (3) "Deposition." [1]

■ On appeal, defendant's sole claim of error is that there was insufficient evidence to establish beyond reasonable doubt that defendant coerced Roger Sparks. In our review of the record, we accept as true all evidence in the record tending to prove the defendant's guilt together with all inferences reasonably drawn therefrom and disregard all contrary evidence and inferences. *State v. Poole*, 683 S.W.2d 326, 327 (Mo.App.1984).

The focus of the evidence in this case is the relationship between defendant, Roger Sparks, and Kathy Sparks. Kathy and Roger Sparks were married in 1977. One child was born of the marriage, a son born in 1983. In November 1985, Kathy separated from Roger, taking their son and failing to inform Roger of their whereabouts. In December 1985, Roger was served with a petition for dissolution of marriage. Roger contacted an attorney who advised him to tape record all conversations between he and his wife.

In January 1986, Kathy asked defendant to murder Roger. She and defendant had dated in high school. Defendant then contacted Roger and offered to obtain and sell him a tape recording of Kathy hiring defendant to commit the murder. Defendant suggested the tape and his testimony could be used as evidence against Kathy in the dissolution proceeding. Roger said he would contact defendant if he decided to accept defendant's offer.

Roger and his attorney went to the police. The police suggested that Roger meet with defendant to discuss the offer and secretly tape record the conversation. Roger and the defendant met again. Ultimately, it was agreed that defendant would give Roger a tape of Kathy offering defendant money to murder Roger. Roger agreed to pay defendant $5,000 and trade a Porsche automobile for defendant's Trans Am automobile. Without defendant's knowledge, Roger tape recorded this conversation and all subsequent conversations with defendant.

Later, defendant met with Kathy and surreptitiously recorded their conversation in which Kathy promised, *inter alia*, to pay defendant $15,000 in exchange for defendant's agreement to kill Roger.

Defendant and Roger met again and listened to the tape recording of the conversation between defendant and Kathy. Roger gave defendant money and title to a Porsche automobile and defendant gave Roger the tape. The police then arrested defendant at the scene.

1. On appeal there is no record of any depositions.

111

To convict defendant of attempted stealing property valued over $150 by coercion, the State had to prove defendant took a substantial step toward appropriating $5,000 and title to an automobile from Sparks without his consent by communicating a threat to inflict physical injury on Sparks in the future. Section 570.010(4)(b), RSMo (1978); Section 564.011.1, RSMo (1978). "A substantial step is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." Section 564.011.1, RSMo (1978). The evidence does not support a finding of the element of coercion.

In response to Roger's question in the conversation of January 11, 1986, defendant indicated that Kathy might hire someone else to kill Roger if defendant refused her offer. The State argues that the threat of harm was not that defendant would kill Roger, but that someone else would kill Roger if he did not come forward with the money and Porsche title. The State contends that defendant did not go to the police with the information but instead chose to coerce money and the automobile from Roger. We disagree.

Clearly, defendant would have to directly or indirectly threaten physical harm to Roger to be guilty of the crime. However, defendant never threatened to harm Roger or have him harmed. Defendant specifically indicated that he had no intention of harming Roger. Defendant gave Roger the information that Kathy had solicited Roger's murder without requesting any money. Payment was to be made to defendant only if he went back to Kathy and got the incriminating evidence on tape. He simply offered to sell Roger evidence to use against Kathy in a dissolution proceeding. Defendant suggested that Roger have an attorney present during the negotiations and to draw up a contract reflecting any agreement they made. Roger was free to accept or reject defendant's offer without fear of reprisal from defendant. Defendant's statement regarding possible harm being inflicted upon Roger by some unknown third party was not a threat. Rather, it was an expression of opinion that Kathy might hire someone else. Defendant did not infer that he or anyone on his behalf would harm Roger.

The evidence must amount to more than speculation or conjecture to support a conviction. Certainly, defendant's conduct was deserving of censure. The issue, however, is whether it amounted to coercion. We conclude, based on the record before us, that the evidence was insufficient.

Defendant's conviction is reversed.

SIMON, P.J., and GRIMM, J., concur.