STATE of Missouri, Respondent,

v.

Lonnie L. RULO, Jr., Appellant.

No. 22104.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 2, 1998.

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Chatman, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

The sole issue in this appeal is whether Appellant's forgery conviction in a judge-tried case must be reversed because the record contains no indication that Appellant waived his right to trial by jury.

Appellant, a prior offender and persistent offender, §§ 558.016.2 [1] and 558.016.3, respectively, was charged with two counts of forgery, a class C felony. § 570.090.1(4). Each offense was allegedly committed on March 22, 1997, in Ozark County.[2] The trial court acquitted Appellant of Count I but found him guilty of Count II and imposed a ten-year prison sentence.

Appellant's brief presents one point relied on, which reads:

"The trial court plainly erred when it proceeded to trial without a jury and without a waiver of the right to a jury trial from appellant because such action violated appellant's rights to due process and trial by jury as guaranteed by the 5th, 6th and 14th Amendments to the United States Constitution, Article I, §§ 10, 18(a) and 22(a) of the Missouri Constitution, and Rule 27.01, in that there was no waiver by appellant in open court and entered of record, there was no waiver attributed to appellant, and since a court may not presume acquiescence from a defendant's silence, there is absolutely no basis in the record to determine 'with unmistakable clarity' that appellant had knowingly, intelligently and voluntarily waived his funda-

---

1. References to statutes are to RSMo 1994.

2. The case was sent from Ozark County to Wright County on change of venue.

mental right to trial by jury, resulting in a manifest injustice."

Appellant concedes the above claim of error was not raised in the trial court; consequently, Appellant seeks "plain error review" under Rule 30.20.[3]

Rule 27.01, cited in Appellant's point relied on, has remained unchanged since January 1, 1980. It reads:

"(a) All issues of fact in any criminal case shall be tried by a jury to be selected, summoned and returned in the manner prescribed by law, unless trial by jury be waived as provided in this Rule.

(b) The defendant may, with the assent of the court, waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury. *In felony cases such waiver by the defendant shall be made in open court and entered of record.*" (Emphasis added.)

The State concedes the record shows no waiver by Appellant of his right to a jury trial.

Appellant does not challenge the sufficiency of the evidence to support the conviction. Accordingly, this opinion sets forth only an abbreviated account.

On Saturday morning, March 22, 1997, a man driving a light blue automobile appeared at a "drive-up window" at a bank in Theodosia, identified himself as Todd Holmes, and presented a $200 check to the teller. The teller cashed it. A short time later, the teller compared the signature of the drawer on the check with the "signature card" for the drawer's account at the bank. The comparison indicated the drawer's signature on the check was a forgery. The teller, who had written the automobile's license number on the check, notified the sheriff's office.

At trial, the teller identified Appellant as the man who presented the check and received the $200. The putative drawer, a former employer of Appellant, testified the drawer's signature on the check was not his and was not authorized by him. The former employer added that a few days prior to March 22, his checkbook "was laying on the dash" in his truck and Appellant rode in the truck at that time.

Appellant and two other witnesses testified Appellant was in Oklahoma at the time the teller cashed the check. However, they were unable to explain why the automobile driven by the man who presented the check matched the description—and displayed the license plate—of the automobile Appellant avowed he had driven to Oklahoma.

In *State v. Bibb*, 702 S.W.2d 462 (Mo. banc 1985), a capital murder case, the accused pled guilty. *Id.* at 463. The trial court imposed a death sentence. *Id.* On appeal, the Supreme Court of Missouri held the accused had a statutory right to have punishment determined by a jury. *Id.* at 466. The opinion declared:

"Under the Constitution and Rule 27.01(b), a waiver by the accused and an assent of the court must appear from the record with unmistakable clarity. The record on this appeal does not demonstrate such compliance."

*Id.* at [1, 2].

The Supreme Court affirmed the conviction but reversed the sentence and remanded the case "for imposition of punishment in a manner consistent with this opinion." *Id.* at 466.

Citing *Bibb*, Appellant argues: "In the case at bar, there was absolutely no record of appellant waiving his right to a jury trial. There is no waiver reflected in the docket sheets or legal file documents; nor is any waiver reflected in any transcribed proceedings before the trial court." Appellant points out that on September 22, 1997, the trial court entered an order setting the case for jury trial on an appointed date. The trial court conducted the non-jury trial that date.

The State acknowledges *Bibb's* holding that an accused's waiver of trial by jury, together with the trial court's assent thereto, must appear in the record with unmistakable clarity. However, the State cites two cases decided subsequent to *Bibb* where, according

---

**3.** *References to rules are to Missouri Rules of* Criminal Procedure (1998).

to the State, convictions were affirmed "in circumstances similar to the present case."

The first case relied on by the State is *State v. Hatton,* 918 S.W.2d 790 (Mo. banc 1996). There, two accuseds—the other's surname was Troy—were tried by a judge and convicted of distributing a controlled substance within 1,000 feet of real property comprising public housing. *Id.* at 791–92. On appeal, Troy asserted the trial court erred in "accepting" his waiver of the right to a jury trial. *Id.* at 795. Affirming Troy's conviction, the Supreme Court of Missouri explained:

> "The record shows that at the commencement of the trial proceedings, Troy's attorney stated to the judge that Troy was 'waiving jury.' This statement was made in Troy's presence and Troy offered no objection at that time or at any time during or after the trial. Troy does not argue that he waived his right to a jury trial involuntarily, nor does he argue that he intended to exercise his right to a jury trial despite his attorney's contrary statement. Rather, his complaint challenges the trial court's procedure for securing a valid waiver. Troy claims that his attorney's representation that Troy was waiving the right to a jury was inadequate as a waiver on its face. According to Troy, in order for the waiver to be valid, the constitution requires the trial judge to conduct an independent examination and make a separate determination that Troy intentionally relinquished his right to a jury trial. *See State v. Bibb,* 702 S.W.2d 462, 466 (Mo. banc 1985). ('Under the Constitution and Rule 27.01(b), a waiver by the accused and an assent of the court must appear from the record with unmistakable clarity.')
>
> Assuming for argument's sake that the trial court should have conducted a more thorough examination to determine Troy's understanding of his waiver of his right to a trial by jury, it does not follow that the trial court's failure to do so necessarily results in a reversal of his conviction. 'To preserve appellate review, constitutional claims must be made at the first opportu-

nity,' otherwise, '[t]his Court's review is limited to gratuitous plain error.' *State v. Parker,* 886 S.W.2d 908, 925 (Mo. banc 1994). Plain error exists where the trial court's error so substantially violates defendant's rights that manifest injustice or miscarriage of justice results if the error is not corrected. *Id.* at 917; Rule 30.20.

> At trial, Troy admitted selling crack.[4] These admissions were sufficient to remove any concern that the waiver of the jury trial resulted in prejudice to Troy."

*Hatton,* 918 S.W.2d at 795[9] and [10].

The other case relied on by the State is *State v. Martin,* 940 S.W.2d 6 (Mo.App. W.D. 1997). There, the accused was tried by a judge and convicted of aggravated stalking. *Id.* at 6–7. He admitted in his trial testimony that he made threatening phone calls to the victim, was physically violent toward her, and that she could reasonably believe he could become violent. *Id.* at 8. One of his complaints on appeal was that the trial court violated Rule 27.01(b) by failing to ascertain on the record whether he knowingly and voluntarily waived his right to trial by jury. *Id.* at 9. The appellate court, without discussing *Bibb,* 702 S.W.2d at 466[1, 2], held the alleged error was not preserved for review. *Martin,* 940 S.W.2d at 9[5]. The court declined plain error review, finding the accused failed to show manifest injustice or miscarriage of justice. *Id.* at 9–10.

Superficially, it may seem that *Martin,* and to a lesser degree *Hatton,* support the State's premise that reversal is not mandated in the instant case. However, as Appellant points out, *Martin* and *Hatton* differ from the instant case in that the accuseds in those cases, testifying at trial, admitted engaging in the conduct on which the charges were based. In contrast, Appellant in the instant case denied he passed the check. While his alibi evidence may appear implausible, a jury would have been free to believe it and acquit him.

Furthermore, unlike *Hatton* (where Troy's lawyer, in Troy's presence, announced Troy

---

4. We glean from the opinion in *Hatton* that both accuseds admitted selling crack cocaine; they based their appeals primarily on challenges to the statute proscribing their conduct.

was "waiving jury"), the record in the instant case is void of any reference to jury waiver.

In *Rose v. Clark,* 478 U.S. 570, 578, 106 S.Ct. 3101, 3106, 92 L.Ed.2d 460 (1986), the Supreme Court of the United States addressed the rationale for barring a judge from directing a verdict for the prosecution in a criminal case tried by jury. The court explained that the bar was based on an accused's right to a jury trial in "serious criminal cases" guaranteed by the Sixth Amendment to the Constitution of the United States. 478 U.S. at 578, 106 S.Ct. at 3106. The court said: "Where that right is altogether denied, the State cannot contend that the deprivation was harmless because the evidence established the defendant's guilt; the error in such a case is that the wrong entity judged the defendant guilty." 478 U.S. at 578, 106 S.Ct. at 3106.

Denying Appellant's claim of error in the instant case would be the equivalent of totally ignoring Rule 27.01(b). The farthest the Supreme Court of Missouri has gone in excusing a trial court's noncompliance with Rule 27.01(b) is *Hatton,* 918 S.W.2d at 795[9] and [10]. However, as noted earlier, the record there affirmatively showed Troy was present at the outset of the trial when his lawyer announced he (Troy) was waiving jury.[5] Furthermore, Troy admitted the con-duct on which the charges were based, and hinged his appeal on challenging the statute proscribing such conduct. Were those circumstances present in the instant case, *Hatton* would support an affirmance of Appellant's conviction. However, none of those circumstances appear here.

This court is constitutionally bound to follow the most recent controlling decision of the Supreme Court of Missouri. Mo. Const., Art. V, § 2 (1945); *Stephens v. Brenton,* 920 S.W.2d 109, 111[2] (Mo.App. S.D.1996). As best this court can divine from *Bibb,* 702 S.W.2d 462, and *Hatton,* 918 S.W.2d 790, the Supreme Court of Missouri would reverse Appellant's conviction, given the record here. Accordingly, Appellant's conviction of Count II and ten-year sentence are reversed. The case is remanded to the trial court for further proceedings on Count II consistent with this opinion.

PREWITT, P.J., and PARRISH, J., concur.

---

5. Appellant, like Troy, was represented by counsel in the trial court. The lawyer representing Appellant in this appeal is not the lawyer who represented him at trial.