**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Roy Lee MITCHELL, Defendant–
Appellant.**

No. 25537.

Missouri Court of Appeals,
Southern District,
Division One.

July 12, 2004.

Motion for Rehearing or Transfer
Denied July 28, 2004.

Irene Karns, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Judge.

Roy Lee Mitchell ("Appellant") appeals his conviction for the class B felony of trafficking drugs in the second degree, a violation of Section 195.223.[1] Appellant was sentenced, after a bench trial, to ten years imprisonment. As his sole point relied on, Appellant asserts the trial court committed plain error in that there was no waiver of his right to a jury trial in open court and there is no waiver in the record. We reverse.

We begin by noting that at trial Appellant made no objection to being tried by the court and failed to file a motion for a new trial. Appellant acknowledges this fact, but requests that we grant relief for plain error. The plain error standard permits, but does not require, us to review for plain errors substantially affecting the rights of a defendant, which resulted in a manifest injustice or miscarriage of justice. *State v. Reynolds*, 997 S.W.2d 528, 532 (Mo.App. S.D.1999). More than a mere showing of demonstrable prejudice is required. *Id.* Rather, prejudice exists, under the "plain error" rule, only where the error complained of impacts so substantially upon the rights of a defendant that manifest injustice or a miscarriage of justice will result if left uncorrected. *State v. Cooksey*, 805 S.W.2d 709, 711 (Mo.App. W.D.1991). The burden of proving manifest injustice or miscarriage of justice is on the Appellant. *State v. Mayes*, 63 S.W.3d 615, 624 (Mo. banc 2001). Plain error review should be used sparingly and should not be used to justify the review of every point that has not properly been preserved. *State v. Williams*, 18 S.W.3d 461, 464 (Mo.App. E.D.2000).

As Appellant does not contend there was insufficient evidence from which the trial court could have found him guilty, facts stated in this opinion are limited to those necessary for the disposition of the issue. The record reveals that Appellant was arrested during the execution of a search warrant on March 22, 2001. The search warrant was issued as the result of a series of "controlled buys" of crack cocaine in which confidential police informant, Carolyn Sprinkles ("Sprinkles"), purchased drugs from Appellant on four separate occasions. Appellant, who was a frequent visitor, but not a resident of the duplex

---

1. Appellant was also charged as a prior and persistent drug offender pursuant to Section 195.275. All statutory references are to RSMo 2000 unless otherwise indicated.

that was the subject of the search warrant, was arrested in a bedroom in which several large rocks of cocaine were in plain view.[2] When the police searched Appellant's person, they discovered the serial numbered bills which had been provided to Sprinkles to purchase crack cocaine from Appellant. Appellant was arrested; thereafter a jury trial was scheduled.

On December 9, 2002, Appellant's counsel filed the following letter with the trial court:

Dear Judge Winchester:

As you know, this case is scheduled for trial December 17th at 9:00 a.m. After conferring with my client, we have elected to try this case to the Court rather than to a jury. I notified Assistant Attorney General Andy Hosmer who has no objection to a court[-]tried case.

Yours very truly,

/s/ Kenneth L. Dement, Jr.

The court's docket entry from the same date reflects the notations "Hearing/Trial Cancelled" and "Setting–Bench Trial Scheduled." Following a pre-trial conference, at which Appellant appeared in person, a bench trial was held on December 17, 2002. At the opening of the trial, the trial court stated "[this] matter is set for a trial, a bench trial, on today's date." Thereafter, in denying Appellant's motion in limine to exclude evidence, the trial court remarked, "since this is now a bench trial and not a jury trial and the Court's already aware of the basis for the testimony of [Sprinkles] the Court will overrule that motion in limine." This appeal follows.

A criminal defendant in Missouri has both a federal and state constitutional right to have a jury decide his guilt or innocence. U.S. CONST. amend. VI & XIV; MO. CONST. art. I, § 22(a). "However, it is well-established law that a criminal defendant has a right to waive his constitutional right to a jury trial provided such waiver is voluntarily, knowingly and intelligently made." *State v. Sharp*, 533 S.W.2d 601, 605 (Mo. banc 1976) (quoting *Dranow v. U.S.*, 325 F.2d 481, 482 (8th Cir.1963)). With respect to this right, Rule 27.01(b) provides:

(b) The defendant may, with the assent of the court, waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury. In felony cases such waiver by the defendant shall be made in open court and entered of record.[3]

Such waiver "must appear from the record with unmistakable clarity." *State v. Bibb*, 702 S.W.2d 462, 466 (Mo. banc 1985). This latter proviso is meant to ensure that the waiver is voluntarily, knowingly and intelligently made. *See Luster v. State*, 10 S.W.3d 205, 211 (Mo.App. W.D.2000). The importance of the right to a trial by jury was repeated in *Sharp*:

Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intel-

---

**2.** While 2.11 grams of crack cocaine was located in the bedroom, the search ultimately revealed just under five grams of crack cocaine, numerous pill bottles, and other drug paraphernalia in the duplex.

**3.** All rule references are to Missouri Rules of Criminal Procedure (2003) unless otherwise indicated. We also note that current Rule 27.01(b) was formerly Rule 26.01(b).

ligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity.

533 S.W.2d at 605 (quoting *Patton v. U.S.,* 281 U.S. 276, 312–313, 50 S.Ct. 253, 263, 74 L.Ed. 854, 870 (1930)).

■ On appeal, Appellant contends that there was "no waiver of the right to trial by jury in open court and entered of record, and no waiver attributed to [Appellant] in the record" that evidenced his waiver was knowingly, voluntarily, and intelligently made. We note that he does not argue that he intended to exercise his right to a jury trial and was unable to do so, nor does he argue that his trial counsel was without the power to act on his behalf. His claim is that his attorney's statement in the letter filed with the court was inadequate on its face to waive his right to a jury trial and the trial court failed "to ascertain of record" that he knowingly and intelligently authorized such a waiver. We agree.

Appellant argues that the facts of this case are like those found in *State v. Rulo,* 976 S.W.2d 650 (Mo.App. S.D.1998), and *State v. Cooper,* 108 S.W.3d 101 (Mo.App. E.D.2003). In *Rulo,* there was "absolutely no record of appellant waiving his right to a jury trial. There [was] no waiver reflected in the docket sheets or legal file documents; nor [was] any waiver reflected in any transcribed proceedings before the court." 976 S.W.2d at 651. Therefore, the court concluded that such a failure to fulfill *any* requirements of Rule 27.01(b) required a reversal of the conviction and a remand for a new trial. *Id.* at 652. Simi-

larly, in *Cooper* the state conceded that "there [was] no record of defendant's waiver of a jury trial in the docket sheets, legal file, or transcribed proceedings"; therefore, the matter was reversed and remanded for a new trial. 108 S.W.2d at 106. *See also State v. Hamilton,* 8 S.W.3d 132, 134 (Mo.App. S.D.1999) (held that plain error review is required where the record on appeal failed to disclose "any entry of record disclosing his waiver of a jury trial.")

In the instant case, we find insufficient evidence from which to conclude "with unmistakable clarity" that the appellant was advised of his right to a jury trial and that he knowingly, voluntarily and intelligently waived the same. *Bibb,* 702 S.W.2d at 466. The only evidence of Appellant's waiver of a jury trial was the letter from Appellant's counsel to the trial judge which was entered into the record and filed with the court. The trial court then made notations in the docket entry and scheduled and presided over a bench trial. However, in this matter there is nothing in the record to evidence that Appellant was ever advised of his right to a jury trial, the effects of such a waiver, or even any type of affirmative statement by Appellant regarding a waiver. "In this respect, the record reflects that, although his trial counsel waived the right to a jury trial, the appellant never expressly waived, on the record, his right, either in writing or orally." *Luster,* 10 S.W.3d at 212. Accordingly, we can not discern whether his counsel discussed the issue with him and the record is devoid of any indication that the trial court discussed his rights with him. As stated in *Luster,*

the purpose of [Rule 27.01(b)] is to ensure that the defendant's waiver is not allowed until the trial court is satisfied that the waiver is knowingly, voluntarily and intelligently made. Although acquiescence, under certain circumstances,

can constitute a waiver of a fundamental right, acquiescence cannot be presumed, and every reasonable presumption against waiver should be indulged by the court.

10 S.W.3d at 211 (citing *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)).[4] Additionally, here, as in *Rulo,* Appellant testified at trial that he did not commit the crimes with which he is charged. This differs from the situation in *Hatton* in that "the accused in th[at] case, testifying at trial, admitted engaging in the conduct on which the charges were based.... While his [ ] evidence may appear implausible, a jury would have been free to believe it and acquit him." *Rulo,* 976 S.W.2d at 652.

We find that there is absolutely no basis in the record to determine that Appellant knowingly, intelligently, and voluntarily waived his right to trial by jury, resulting in a manifest injustice. "Where th[e] right [to a trial by jury] is altogether denied, the State cannot contend that the deprivation was harmless because the evidence established the defendant's guilt; the error in such a case is that the wrong entity judged the defendant guilty." *Rose v. Clark,* 478 U.S. 570, 578, 106 S.Ct. 3101, 3106, 92 L.Ed.2d 460 (1986). A failure to determine that a waiver of jury trial was knowingly, voluntarily, and intelligently made under the requirements of the Constitution and Rule 27.01(b) warrants a reversal of Appellant's sentence and a remand for a new trial under plain error review. *See Rulo,* 976 S.W.2d at 653.

Accordingly, the judgment is reversed and the case is remanded for a new trial.

BARNEY, P.J., and PREWITT, J., concur.

4. *But see State v. Butler,* 415 S.W.2d 784, 785 (Mo.1967) (held that a memorandum signed by the defendant and his attorney and filed before trial was sufficient to establish waiver of his right to a jury trial); *State v. Hatton,* 918 S.W.2d 790, 795 (Mo. banc 1996) (held that where the record reflected the defendant was present when his trial counsel announced he was waiving jury trial, failed to object, and admitted to crimes charged, plain error review was not necessary and waiver was voluntary); *State v. Turnbough,* 604 S.W.2d 742, 746 (Mo.App. E.D.1980) (held that formal waiver signed by both counsel and defendant was sufficient to waive jury trial); and, *Shannon v. State,* 491 S.W.2d 311, 312–13 (Mo. 1973) (extended oral questioning of defendant by trial court as to his waiver of trial by jury was sufficient to constitutionally waive jury trial).