Vicey TUCKER, Appellant,

v.

MISSOURI HIGHWAYS AND TRANS-PORTATION COMMISSION, Respondent,

Jeffrey Campbell, Jr., Defendant.

No. WD 67892.

Missouri Court of Appeals,
Western District.

Jan. 2, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 4, 2008.

As Modified March 4, 2008.

Application for Transfer Denied
May 20, 2008.

Zachary T. Cartwright, Jr., Jefferson City, MO, Robb A. Denney, Co-Counsel, Lee's Summit, MO, for Respondent.

John W. Kurtz, Kansas City, MO, for Appellant.

Before: HOWARD, C.J., and BRECKENRIDGE and ELLIS, JJ.[1]

VICTOR C. HOWARD, Chief Judge.

Vicey Tucker, appeals a judgment of the circuit court which granted the Missouri Highways and Transportation Commission's (MHTC) motion for summary judgment in her action for the wrongful death of her daughter, Ebony. As she drove underneath the unenclosed Lister overpass on Interstate 70, Ebony died after being struck by debris thrown from above. MHTC owned, designed, and maintained the overpass. As acknowledged by Tucker, Missouri Supreme Court precedent, namely *State ex rel. Missouri Highway & Transportation Commission v. Dierker*, 961 S.W.2d 58 (Mo. banc.1998), is on point and controlling. We, therefore, affirm the lower court's judgment.

The facts of the current case nearly mirror the facts of *Dierker*. In both, an innocent occupant of an automobile was killed after a twenty-pound piece of debris, here a log and in *Dierker* a piece of cement, was dropped from the highway overpass by a fifteen-year-old. *Id.* at 59. In both cases, the fifteen-year-old culprits who threw the debris pleaded guilty to involuntary manslaughter. *Id.* Neither of the overpasses was enclosed. *Id.* In the current case, however, Tucker introduced substantial evidence that overpasses immediately to the east and to the west were enclosed and that MHTC had significant notice that such incidents would be likely to occur. The MHTC also knew or should

have known that the Lister overpass itself was prone to complaints concerning youths throwing material off the side onto the traffic below. Tucker claims that the overpass was a dangerous condition because it lacked a protective screening and that summary judgment was inappropriate because the MHTC's failure to install protective screening directly resulted in a wrongful death.

■ The MHTC is entitled to sovereign immunity, which would, in the absence of a waiver, shield it from the current wrongful death action. *See id.* at 60. The State, however, has waived its immunity in cases involving dangerous conditions of public property. § 537.600.1(2).[2]

> To state a claim under the dangerous-condition exception, a plaintiff must allege facts that show 1) a dangerous condition of public property, 2) that the injury directly resulted from the dangerous condition, 3) that the dangerous condition created a reasonably foreseeable risk of the kind of harm incurred, and 4) that a public employee negligently created the condition, or the public entity had actual or constructive notice of the condition.

*Dierker*, 961 S.W.2d at 60. Courts strictly construe the waiver of sovereign immunity. *Id.* at 61.

■ The "directly resulted from" element is the central concern in both the current case and *Dierker*. The direct result element is synonymous with proximate cause. *Id.* at 60; *Dale v. Edmonds*, 819 S.W.2d 388, 390 (Mo.App. E.D.1991). "The practical test of proximate cause is generally considered to be whether the

---

1. Breckenridge, J., was a member of this court at the time the case was argued and submitted. She was subsequently appointed a judge of the Supreme Court of Missouri but has been reassigned to this court as a special judge for the purpose of disposition of this case.

2. All citations to statutes reference RSMo 2000 unless otherwise indicated.

negligence of the defendant is that cause or act of which the injury was the natural and probable consequence." *Krause v. U.S. Truck Co.*, 787 S.W.2d 708, 710 (Mo. banc 1990). "To the extent the damages are surprising, unexpected, or freakish, they may not be the natural and probable consequences of a defendant's actions." *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 865 (Mo. banc 1993). When reviewing a virtually identical tragedy, the *Dierker* court held, that "[i]t would be unreasonable to subject the [MHTC] to suit for damages caused by this manslaughter." *Dierker*, 961 S.W.2d at 61. It concluded, "even assuming that the overpass was in dangerous condition, that condition did not directly cause [the] death. [The] death was not the natural and probable consequence of the alleged condition of the overpass." *Id.*

This court is bound to follow the precedent of the Missouri Supreme Court. Mo. Const. art. V, § 2. *See also State v. Rulo*, 976 S.W.2d 650, 653 (Mo.App. S.D.1998). In *Dierker* it ruled that the sovereign immunity statute does not waive the MHTC's immunity where a third party discharges a heavy item from a highway overpass, resulting in an involuntary manslaughter. *See* 961 S.W.2d at 61. Moreover, Tucker does not ask us to distinguish the operative facts of the two cases. We are, therefore, bound to follow the *Dierker* decision.

Admitting that this court is bound to follow the *Dierker* decision and affirm the trial court's judgment, Tucker requests that we transfer this appeal to the Missouri Supreme Court pursuant to our constitutional authority.

> Cases pending in the court of appeals may be transferred to the supreme court by order of the majority of the judges of the participating district of the court of appeals, after opinion, or by order of the supreme court before or after opinion because of the general interest or importance of a question involved in the case, or for the purpose of reexamining the existing law....

Mo. Const. art. V, § 10. We decline Tucker's invitation. The Missouri Supreme Court always carefully considers post-opinion motions and will order transfer itself if it sees fit. *Id.*

We, therefore, affirm the judgment of trial court without ordering a transfer.

BRECKENRIDGE, Special J. and ELLIS, J., concur.