**STATE of Missouri, Respondent,**

v.

**Donald E. HANNAH, Appellant.**

**No. WD 71755.**

Missouri Court of Appeals,
Western District.

Feb. 22, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 29, 2011.

Application for Transfer Denied
May 31, 2011.

Shaun J. Mackelprang, Terrence M. Messonnier, Jefferson City, MO, for respondent.

Rosemary E. Percival, Kansas City, MO, for appellant.

Before Division Three: CYNTHIA L. MARTIN, Presiding Judge, GARY D. WITT, Judge, and ZEL M. FISCHER, Special Judge.

ZEL M. FISCHER, Special Judge.

Donald Hannah was charged with one count of the class C felony of second degree assault, pursuant to § 565.060, RSMo Cum.Supp.2010,[1] alleging Hannah recklessly caused serious physical injury to Donna Willis by pushing her off a porch. After a bench trial, the court found Hannah guilty as charged and sentenced him to five years imprisonment, subject to the 120–day callback provision of § 559.115. Hannah appeals, arguing the trial court plainly erred when it proceeded to trial without a jury. Hannah claims the record does not show that he knowingly, voluntarily and intelligently waived his right to trial by jury. Affirmed.

## Facts

In August 2007, 66–year–old Donald Hannah and 74–year–old Donna Willis were residents at Cedars of Liberty, a residential care facility in Clay County, Missouri. On August 9, Hannah was sitting on a bench on the front porch of the facility. Willis started to sit on the same bench as Hannah, but he slid over and told her she could not sit there. Willis then attempted to sit down in the spot Hannah had vacated. According to a witness, Hannah picked Willis up and threw her to the ground. After being thrown, Willis rolled across the flowerbed and fell to the concrete sidewalk a few steps below.

Willis was taken by ambulance to the hospital, where she was treated for lacerations on her forehead and a fracture of one of the bones in her neck. Willis received eighteen stitches on her forehead and was required to wear a cervical collar to minimize neck movement. Willis died shortly thereafter.

Joanna Mooney, the administrator of Cedars of Liberty, conducted an investiga-

---

1. All statutory references are to RSMo Cum. Supp.2010 unless otherwise indicated.

tion into the incident. As part of her investigation, Mooney talked to Hannah. Hannah admitted to her that he pushed Willis and that he did not want Willis sitting next to him.

A police detective came to Liberty Hospital to interview Hannah. Hannah told the detective that when Willis came out onto the porch, he told her that she could not sit next to him and slid over to block her from sitting down. She tried to sit down anyway, Hannah claimed, so that it appeared she was going to sit on his lap. Hannah said he put his hand up to prevent her from sitting on his lap, and this caused Willis to trip over her own feet and fall into the flowerbed. Hannah told the detective that the fall was an accident and that, if he wanted to push Willis, he could have pushed her a lot further.

Hannah was charged by indictment with involuntary manslaughter in the first degree. The State subsequently filed a substitute information that changed the charge to assault in the second degree.

At a pretrial conference, the jury trial was cancelled, and the case was set for a bench trial. Hannah filed a verified waiver of right to trial by jury. At the start of trial, the court confirmed with counsel that Hannah had filed a written waiver of the right to trial by jury but did not conduct any inquiry with Hannah regarding the waiver.

There was some evidence at trial that Hannah claimed to have a history of dementia and/or Alzheimer's. The police detective who interviewed Hannah testified that Joanna Mooney made him aware that Hannah had "some type of dementia issues." And Hannah's brother testified that Hannah had lived in a mental health facility before he moved into Cedars of Liberty and that Hannah was not capable of handling his affairs such as paying bills, taking his medications, cleaning and doing laundry, and setting up doctor appointments.

The court found Hannah guilty and sentenced him to five years imprisonment, subject to the 120–day callback provision of § 559.115. Hannah appeals, claiming the trial court plainly erred in proceeding to trial without a jury.

### Standard of Review

Hannah concedes that he did not object to being tried without a jury at trial or sentencing and did not raise the issue in a motion for new trial.

Constitutional claims must be made at the first opportunity. Where the claim was not properly raised, however, this Court has discretion to review for plain error when the court finds that manifest injustice or miscarriage of justice has resulted. Under Missouri law, plain error can serve as the basis for granting a new trial on direct appeal only if the error was outcome determinative. Manifest injustice is determined by the facts and circumstances of the case, and the defendant bears the burden of establishing manifest injustice. *State v. Baxter,* 204 S.W.3d 650, 652 (Mo. banc 2006) (internal quotation marks omitted) (internal citations omitted).

"[I]n order to be entitled to relief on direct appeal under the plain error rule, a criminal defendant claiming a denial of his right to trial by jury has the burden to show that his waiver thereof was not voluntarily, knowingly and intelligently made...." *State v. Sharp,* 533 S.W.2d 601, 605 (Mo. banc 1976). The defendant also must show that if he had been adequately apprised of his right to trial by jury, "he would have insisted on having his guilt or innocence determined by a jury, rather than the trial court." *Id.* at 677 (internal quotation marks omitted).

## Analysis

"The right to jury trial is guaranteed in serious criminal cases by the United States and Missouri Constitutions. This right may be waived by the defendant with the consent of the trial court." *Baxter*, 204 S.W.3d at 652–53 (internal citations omitted). Rule 27.01(b) states:

> The defendant may, with the assent of the court, waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury. In felony cases such waiver by the defendant shall be made in open court and entered of record.

"Under the constitution and Rule 27.01(b) the waiver must appear in the record with unmistakable clarity." *Baxter*, 204 S.W.3d at 653 (internal quotation marks omitted).

Hannah claims that the trial court accepted his written waiver without question and without considering the particular facts and circumstances of his case. To support this claim, Hannah relies on the evidence presented at trial that indicated he lived in an assisted living facility, could not remember to pay bills, and needed help taking medications, getting his meals, doing laundry, cleaning his room, and scheduling doctor appointments. Based on this evidence, Hannah contends, the trial court could not have found his waiver

was knowing, intelligent, and voluntary; therefore, the trial court's decision must be reversed. Hannah suggests that the court should have stopped the trial when this evidence was presented and inquired again about the validity of his waiver.

Hannah filed a written waiver of the right to a jury trial, and this waiver was signed by Hannah under oath in front of a notary public. It was also signed by his counsel. The waiver specifically stated that Hannah had "been advised by counsel of his right to trial by jury" and that he "hereby waives his right to trial by jury in this cause and submits the trial of this cause to the court." Furthermore, the trial court confirmed with Hannah's counsel in open court that a written waiver had been filed and that Hannah was ready to proceed with a bench trial. This evidence supports the determination that Hannah's waiver of jury trial was given knowingly, voluntarily, and intelligently.[2]

The constitution requires a knowing, voluntary, and intelligent waiver, but it does not mandate how this is to be achieved. *Baxter*, 204 S.W.3d at 654. In *Baxter* the Court found no plain error in the trial court's relying on a statement by counsel that the defendant was waiving the right to a jury trial. 204 S.W.3d at 652, 654. The Court noted that while it may be "best practice" to question the defendant per-

---

**2.** Hannah also suggests that the trial court's finding that his waiver was knowing, voluntary, and intelligent was based solely on its assumption that he was competent to stand trial. The law presumes a defendant is competent, and the defendant has the burden of proving incompetence by a preponderance of the evidence. *State v. Anderson*, 79 S.W.3d 420, 432–33 (Mo. banc 2002); section 552.020.8, RSMo 2000. A defendant who is competent to stand trial is also competent to plead guilty. *Godinez v. Moran*, 509 U.S. 389, 398–99, 113 S.Ct. 2680, 125 L.Ed.2d 321; *State v. Hunter*, 840 S.W.2d 850, 863 (Mo. banc 1992). A plea of guilty is a waiver of the

right to trial by jury. *Godinez*, 509 U.S. at 397 n. 7, 113 S.Ct. 2680. Therefore, when a defendant is legally competent to stand trial, that defendant is competent to waive a constitutional right, provided the waiver is knowing and voluntary. *Id.* at 400–01, 113 S.Ct. 2680. When the trial court has reasonable cause to believe the accused lacks mental fitness to proceed, the court shall proceed on its own motion or on motion filed by counsel to order a competency exam. Section 552.020.2. The trial court did not order a competency exam in this case, and Hannah has withdrawn his argument that the court should have ordered a section 552.020 competency exam.

sonally, the mere fact that this on-the-record inquiry did not take place does not necessarily mean plain error occurred. *Id.* at 655.[3]

### Conclusion

Hannah has failed to demonstrate manifest injustice has occurred. The judgment is affirmed.

---

**3.** In *State v. Bode*, 125 S.W.3d 924 (Mo.App. W.D.2004), this court considered, under plain error review, whether a written waiver signed by the defendant and counsel combined with the mentioning of the waiver in open court at the start of trial adequately satisfied the requirements of Rule 27.01. *Id.* at 927. This court found the procedure was sufficient to demonstrate the waiver was made with "unmistakable clarity" and declined the request for relief under plain error review. *Id.* at 928.