

# In the
# Missouri Court of Appeals
## Western District

STATE OF MISSOURI,

        **Respondent,**

v.

LARRY DONNELL SIMMS,

        **Appellant.**

WD78467

OPINION FILED:

OCTOBER 11, 2016

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Robert Michael Schieber, Judge**

**Before Division One: Anthony Rex Gabbert, P.J., Thomas H. Newton, and Alok Ahuja, JJ.**

Larry Donnell Simms appeals the circuit court's judgment finding him guilty of one count of domestic assault in the first degree, armed criminal action, unlawful use of a weapon, domestic assault in the second degree and assault in the third degree. Simms raises two points on appeal. In his first point on appeal, Simms argues that the circuit court failed to ascertain his waiver of jury trial on the record in open court as required by both the Missouri and the United States Constitutions. First, Simms argues that because his blindness and advanced glaucoma rendered him unable to read the waiver of the right to a jury trial form which was signed and presented to the trial court, he did not knowingly, voluntarily, and intelligently waive his right to a jury trial. Next, Simms argues that the trial court exceeded its jurisdiction and violated his due

process right to be notified of his charges by finding him guilty of the class A felonies of domestic assault in the first degree and armed criminal action. We affirm.

## Statement of Facts

Because Simms does not allege that there was insufficient evidence to support his convictions, it is not necessary to recite the facts of the offenses here, other than noting that Simms contended at trial that he acted in self-defense.

On May 12, 2014, Simms was charged, as a prior and persistent offender, with the following: one felony count of domestic assault in the first degree, one felony count of armed criminal action, one felony count of domestic assault in the second degree, one felony count of unlawful use of a weapon and one misdemeanor charge of assault in the third degree. On August 21, 2014, Simm's attorney filed a waiver of right to jury trial with the court. It read: "[d]efendant has discussed his Constitutional rights to a jury trial with counsel and has determined it to be in his best interests to waive said rights and try to the matter to the Court." The waiver was signed by both Simms and his attorney.

The case was called for bench trial on September 9, 2014. When the court asked for appearances, defense counsel noted on the record that Simms was present, appearing in person. The court then proceeded with the following exchange:

THE COURT: "We are here for a bench trial correct?"

DEFENSE COUNSEL: "Correct, Your Honor."

THE COURT: "Are we ready to proceed?"

DEFENSE COUNSEL: "Yes, Your Honor."

2

At the conclusion of the bench trial, Simms was found guilty of all five counts and subsequently sentenced to eighteen years imprisonment. Simms appeals.

## Standard of Review

Constitutional claims must be made at the first opportunity. *State v. Fassero*, 256 S.W.3d 109, 117 (Mo. banc 2008). "Where the claim was not properly raised, however, the court has discretion to review for plain error 'when the court finds that manifest injustice or miscarriage of justice has resulted.'" *State v. Baxter*, 204 S.W.3d 650, 652 (Mo. banc 2006). "Under Missouri law, plain error can serve as the basis for granting a new trial on direct appeal only if the error was outcome determinative." *Id*. Manifest injustice is determined by the facts and circumstances of the case, and the defendant bears the burden of establishing manifest injustice. *Id*.

In order to be entitled to relief on direct appeal under the plain error rule, a criminal defendant claiming a denial of his or her right to trial by jury has the burden to show that his waiver thereof was not voluntary, knowingly, and intelligently made. *State v. Ramirez*, 143 S.W.3d 671, 674 (Mo. App. 2004). The appellant "must also show that, had he been adequately apprised of his right to trial by jury, 'he would have insisted on having his guilt or innocence determined by a jury, rather than the trial court.'" *Id*. at 677.

### I.    Waiver of Right to a Jury Trial

In his first point on appeal, Simms argues that the circuit court failed to ascertain his waiver of a jury trial on the record as required by both the United States and Missouri Constitutions. Simms contends manifest injustice resulted from this failure because the court rather than a jury found him guilty. Simms argues that he did not knowingly, voluntarily, and intelligently waive

3

his right to a jury trial. Simms contends that his advanced glaucoma and blindness makes his written waiver insufficient to establish that his waiver was knowingly, voluntarily, and intelligently made. We disagree.

Both the United States Constitution and the Missouri Constitutions guarantee a defendant in a criminal case the right to a jury trial. U.S. Const. amend. VI; Mo. Const. art. I, § 22(a). Article I, Section 22(a) of the Missouri Constitution states in part: "In every criminal case any defendant may, with the assent of the court, waive a jury trial and submit the trial of such case to the court, whose finding shall have the force and effect of a verdict of a jury." In Missouri, a defendant's constitutional right to a jury trial may be waived in accordance with the requirements of Rule 27.01(b). *State v. Beam*, 334 S.W.3d 699, 704 (Mo. App. 2011). Rule 27.01(b) provides: [t]he defendant may, with assent of the court, waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury. *Id*. In felony cases, such waiver by the defendant shall be made in open court and entered on record. "The purpose of Rule 27.01(b) is to ensure that a defendant's waiver is not allowed until the trial court is satisfied that the waiver is knowingly, voluntarily and intelligently made." *State v. Mitchell*, 145 S.W.3d 21, 24 (Mo. App. 2004).

Although both the United States and the Missouri Constitutions require a knowing, voluntary and intelligent waiver, they do not offer specific guidance on how this is done. Missouri courts, however, have provided guidance on what is considered to be a knowing, voluntary and intelligent waiver. For example, in *State v. Mitchell*, the court found that the only evidence of defendant Mitchell's waiver of a jury trial was a letter from defense counsel to the trial judge which was entered into the record and filed with the court. 145 S.W. 3d at 24. Ultimately, this lone piece of evidence of Mitchell's waiver was held to be insufficient to

4

establish that Mitchell expressed, on the record, his waiver of the right to a jury trial. *Id*. But, more recent cases have upheld a waiver of a right to a jury trial where the defendant and his counsel signed the waiver and the court mentioned the waiver in open court. *See State v. Moore*, 414 S.W.3d 580 (Mo. App. 2013) (finding the defendant's waiver to be knowingly, voluntarly and intelligently made where the filed waiver was signed by both the defendant and counsel and the waiver stated that the defendant had been "advised by counsel of his right to trial by jury" and that he "hereby waives his right to trial by jury" and no evidence on record impeaching the waiver). In another recent case, this court found a defendant's waiver to be knowing, voluntary and intelligent where the filed waiver was signed by both the defendant and counsel and the court confirmed with the defendant, on the record, that he was ready to proceed with a bench trial. *See State v. Hannah*, 337 S.W.3d 114 (Mo. App. 2011). Further, in *State v. Hatton*, the Missouri Supreme Court found a waiver where the record showed that the defendant's attorney stated, on the record, that they were ready to proceed to a bench trial in defendant's presence and no objection was raised by the defendant.[1]

Here, Simms' counsel submitted a formal waiver notifying the court that Simms was waiving his right to a jury trial. Both Simms and his attorney signed the waiver. The form stated that Simms had been "advised by counsel of his right to trial by jury and that he "hereby waives his right to a jury trial." Further, before the bench trial began, the trial court judge asked Simms' attorney if they were "here for a bench trial" to which defense counsel answered affirmatively. Counsel for Simms then confirmed on the record that they were ready to proceed with the bench trial instead of a jury trial. Simms, who was present for this exchange, made no objection. The

---

[1] 918 S.W.2d 790 (Mo. banc 1996).

waiver present here is nearly identical to the waiver upheld in both *Hatton* and *Hannah*. Additionally, Simms' waiver was documented on the docket sheet and became part of the record. Lastly, there is nothing on the record showing that the waiver was impeached. Therefore, Simms' waiver appears to be knowingly, voluntarily, and intelligently made in that the waiver was in writing, contained language stating that the defendant was aware of his right to a jury trial, and was signed by both the defendant and his counsel.

While it is best practice for a court to question the defendant on the record "to ensure that the defendant understands what is lost in the waiver, has discussed the issue with defense counsel, and voluntarily intends to waive the right," failure to do so, however, "does not mean plain error occurred." *Baxter*, 204 S.W.3d at 655. Rule 27.01 "does not contain th[e] requirement" that the court personally examine the defendant concerning his waiver of a jury trial, "but only requires that a waiver be made in 'open court.'" *Id*. at 653.

Nevertheless, Simms contends that the court did not explicitly inquire about the waiver in open court. In this case, at the start of the bench trial, the court stated: "We are here for a bench trial correct?" Simms' attorney responded: "That's correct, Your Honor." Defense counsel's acknowledgement in open court that the case would be tried to the court, rather than a jury, is similar to acknowledgements that a jury trial waiver had been filed in *Baxter* and *Hannah*. Moreover, a court necessarily assents to a defendant's waiver when a waiver is knowingly, voluntarily, and intelligently made and the court then proceeds with a bench trial. *See Luster v. State*, 10 S.W.3d 205, 211 (Mo. App. 2000).

Although Simms may not have been able to read the waiver form because of his vision challenges, Simms has not shown that he was not explained the contents of the waiver before he signed, nor has he alleged that he signed it without knowledge or understanding of what the

6

form said.   As the record supports that Simms' signed written waiver was knowingly, voluntarily, and intelligently made and Simms has failed to prove otherwise, he has failed to establish substantial grounds for believing that he became a victim of manifest injustice when the court assented to his waiver and conducted a bench trial.   Point one is denied.

**II.      Jurisdiction For Conviction of Class A Felony Domestic Assault**

Simms concedes that he failed to preserve this issue for review.   An issue that was not preserved at trial can only be reviewed for plain error.   *State v. Ivy*, 455 S.W.3d 13, 17 (Mo. App. 2014).   A claim of plain error places a heavy burden on the appellant, who must prove that the trial court committed an evident, obvious and clear error. *See State v. Castoe*, 357 S.W.3d 305, 310 (Mo. App. 2012).

The Sixth Amendment of the United States and Article I, Section 18(a) of the Missouri Constitution requires that a criminal defendant be given adequate notice of the charge or charges against him.   U.S. Const., Amend. VI; Mo. Const., Art I, Sec. 18(a);   *State v. Collins*, 154 S.W.3d 486, 494 (Mo. App. 2005).   Further, due process requires that a defendant may not be convicted of any offense not charged.   U.S. Const., Amends. V, VI; Mo. Const., Art. I, Sec. 10.

Here, Simms argues that the trial court exceeded its jurisdiction in finding him guilty of the class A felony of first-degree domestic assault and the companion charge of armed criminal action because Simms was only charged with attempted first degree domestic assault, a Class B felony.   Simms points to the language of the amended information as the basis for his belief that he was charged with the separate attempt offense pursuant to Section 564.011 RSMo. Cum. Supp. 2000.  Section 564.011 provides, "[a] person is guilty of attempt to commit an offense when…he does any act which is a substantial step towards the commission of the

7

offense…[u]nless otherwise provided, an attempt to commit an offense is a: (1) [c]lass B felony if the offense attempted is a class A felony." Simms argues that Section 564.011 prevails here because the prosecutor used the following language in the indictment: "Larry Simms, struck E.H. in the head with a hammer, and such conduct was a *substantial step toward the commission of attempting* to kill or cause serious injury. . . ." While Simms correctly points out that the prosecutor's language in the indictment mirrors the language of Section 564.011, the indictment clearly shows that Simms was charged with the class A felony of domestic assault in the first degree pursuant to Section 565.072 RSMo. This statute provides: "[t]he offense of domestic assault in the first degree is a class B felony *unless in the course thereof the person inflicts serious physical injury on the victim, in which case it is a class A felony.*" RSMo. 565.072 Cum. Supp. 2015. The language of the statute clearly and unambiguously states that a defendant who attempts to cause serious physical injury to a domestic victim commits a class B felony, whereas a defendant who attempts to cause, and actually does cause, serious physical injury commits the class A felony of first-degree domestic assault. The Information in Count I expressly charged that Simms "struck E.H. in the head with a hammer," and that "in the course [of the assault] inflicted serious physical injury on E.H." Therefore, while the Information also included language supporting attempt, it plainly charged the essential elements of first-degree domestic assault. The evidence presented at trial established that Simms struck the victim in the head several times with a hammer, causing serious physical injuries, including multiple subdural hematomas, thus giving the trial court judge a basis for a finding of guilt under Section 565.072. Based on the evidence, the indictment and the language of the statute, the State charged Simms with the class A felony of first-degree domestic assault, not the class B felony of attempted first-degree domestic assault under Section 564.011 RSMo. The State gave Simms adequate notice of the

8

charges against him and the court had sufficient evidence before it to justify the resulting conviction and sentence for the class A felony of first-degree domestic assault pursuant to Section 565.072 RSMo.  Point two is denied.

## Conclusion

We conclude, therefore, that the circuit court did not plainly err when it conducted a bench trial because Simms' signed written waiver and the court's procedure, pursuant to Rule 27.01(b), was sufficient to demonstrate that his waiver was knowingly, voluntarily and intelligently made and, as a result, the court assented to the waiver.   We further conclude that the trial court did not plainly err when it found Simms guilty of the class A felony of first-degree domestic assault (and the companion armed criminal action) and in sentencing him for the same, the crime for which he was charged.  We affirm the circuit court's judgment.

Anthony Rex Gabbert, Judge

All concur.