

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| CORNELIUS MOORE, | ) | |
| | ) | |
| Appellant, | ) | WD78924 |
| | ) | |
| v. | ) | OPINION FILED:  October 25, 2016 |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Platte County, Missouri**
The Honorable Thomas C. Fincham, Judge

Before Division Four:  Mark D. Pfeiffer, Chief Judge, Presiding, Victor C. Howard,
Judge and Gary D. Witt, Judge

Appellant Cornelius Moore ("Moore") appeals the judgment of the Circuit Court of

Platte County denying his Rule 29.15[1] amended motion for post-conviction relief.  Moore

was convicted of one count of assault in the first degree, section 565.050,[2] and sentenced

to fourteen years' imprisonment.  In his amended post-conviction motion for relief, as

relevant to this appeal, Moore argued that his trial counsel was ineffective for failing to

---

[1] All rule references are to Missouri Supreme Court Rules (2016).
[2] All statutory citations are to RSMo 2000 as currently updated, unless otherwise noted.

adequately advise him of the benefits of a jury trial. Following an evidentiary hearing, the court denied his motion. Moore now appeals. We affirm.

## Factual and Procedural Background[3]

On July 25, 2010, Moore was almost in a vehicular collision with Chad Pauley ("Pauley") in a Wal-Mart parking lot. Moore followed Pauley's vehicle to a nearby Payless Shoe store. Moore exited his vehicle and pounded on the window of Pauley's vehicle, ordering him to exit. When Pauley opened his door, Moore punched Pauley multiple times in the face knocking Pauley to the ground. A security guard testified that he ordered Moore not to leave the scene as police were on their way. Moore got back in his vehicle and drove away.

The State charged Moore with the class A felony of assault in the first degree. Moore waived his right to a jury trial, and the court conducted a bench trial. At trial, Pauley testified that he had permanent damage to the iris of his right eye, resulting in blurred vision. Moore testified in his own defense at trial. He alleged that Pauley was the aggressor and that he only punched Pauley after Pauley attempted to punch him.

The trial court found Moore guilty of assault in the first degree, resulting in serious physical injury. It further found that Moore's version of events and claims of self-defense were not credible. On August 2, 2012, the trial court sentenced Moore to fourteen years' imprisonment. Moore's conviction and sentence were affirmed by this Court in *State v. Moore*, 414 S.W.3d 580 (Mo. App. W.D. 2013).

---

[3] The facts are recited in a light most favorable to the verdict. *Ferguson v. State*, 325 S.W.3d 400, 404 n.2 (Mo. App. W.D. 2010).

Moore timely filed a *pro se* Rule 29.15 motion on March 24, 2014. The court appointed counsel, and an amended motion was timely filed on June 24, 2014 ("Amended Motion"). The Amended Motion alleged, *inter alia*, his trial counsel was ineffective for failing to fully advise him regarding jury trials and caused him to make an unknowing, involuntary, and unintelligent waiver of his right to a jury trial.

An evidentiary hearing was held on June 11, 2015, at which both Moore and his trial attorney testified.

On July 17, 2015, the motion court issued its findings of fact and conclusions of law denying Moore's Amended Motion. Moore now appeals.

## Standard of Review

This Court will affirm the judgment of the motion court unless its findings and conclusions are clearly erroneous. Rule 29.15(k). The motion court's judgment is clearly erroneous only if this Court is left with a definite and firm impression that a mistake has been made. The motion court's findings are presumed correct. Additionally, a movant bears the burden of proving the asserted "claims for relief by a preponderance of the evidence." Rule 29.15(f).

*Christian v. State*, 455 S.W.3d 523, 525-26 (Mo. App. W.D. 2015).

## Analysis

In his sole point on appeal, Moore argues that the motion court erred in denying his claim that trial counsel was ineffective for failing to properly inform him of the risks and benefits of a jury trial, causing him to unknowingly, unwillingly, and unintelligently waive those rights.[4] Specifically, Moore asserts that he "did not understand that a jury would be

---

[4] Moore's brief argues that the trial court failed to properly question Moore regarding his waiver of his right to a jury trial. This issue was argued and properly addressed on direct appeal. *Moore*, 414 S.W.3d at 582-83.

required to return a unanimous verdict in order to convict him" and, had he known, he would not have chosen to proceed with a bench trial. Further, he alleged that his decision was based on trial counsel's promise that he would receive a more lenient sentence from a judge.

To establish ineffective assistance of counsel to warrant post-conviction relief, a movant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Woods v. State*, 458 S.W.3d 352, 356 (Mo. App. W.D. 2014). To prevail on a claim of ineffective assistance of counsel, a movant must "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. There is a strong presumption that counsel's conduct was reasonable and effective. *Id.* at 689. To overcome this presumption, the movant must point to specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of effective assistance. *Id.* at 690. Strategic choices made after a thorough investigation of the law and the facts are virtually unchallengeable. *Id.*

If counsel's performance was deficient, the movant must then prove that he was prejudiced by counsel's deficiency. *Id.* at 687. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Id.*

---

Moore's argument is limited to the advice he received from trial counsel prior to waiving his right to a jury trial--not whether the waiver followed the appropriate procedure.

4

At the evidentiary hearing, the motion court heard testimony from trial counsel that she had, in fact, counseled Moore regarding jury trials.

> Q. Did you discuss with Mr. Moore whether he should have a bench trial versus a jury trial?
>
> A. We discussed that quite a bit, yes.
>
> Q. Okay, did you discuss the benefits and risks of each of those?
>
> A. We did.

In fact, on cross-examination, trial counsel testified that according to her notes, she believed there were "at least five separate occasions" that she "discussed bench versus jury trial" with Moore. Although trial counsel could not recall the details of her conversations with Moore regarding jury trials, she testified that "jury unanimity is a pretty basic part of a jury trial," and "as a general rule [she] would discuss unanimity" with her clients when discussing whether to waive a jury trial. She went on to state that it was unreasonable to believe that she would have forgotten to mention jury unanimity to Moore during the course of their multiple conversations. Moore himself testified that they did discuss the difference between jury trials and bench trials but claimed he was not told that a jury had to decide unanimously to convict. He claimed he was not aware of this information until after his conviction, when he was informed by appellate counsel.

The motion court found trial counsel's testimony credible finding that Moore "was advised of the requirement of juror unanimity by [counsel] prior to the time he waived his right to a trial by a jury." Further, the motion court found that Moore's "decision to waive his right to jury trial was knowing, voluntary and made after considerable consultation with

5

competent counsel." Given trial counsel's testimony, supported by her notes, we cannot say that the motion court erred in finding that Moore was informed of, and aware of, the requirement of juror unanimity prior to waiving his right to a jury trial.

Moore's brief also notes that he waived his right to a jury trial, in part, because his attorney informed him that he would receive a more lenient sentence. Essentially, he argues that he was induced to waive his right with the promise of a lighter sentence, although he does not claim that this advice was unreasonable. Trial counsel testified that she would not have made promises, but she testified that: "I probably would have recommended or basically said something to the effect of it is possible or it is my opinion that your sentencing will be more likely to be a lower number if we're not successful after a bench trial versus if we're not successful after a jury trial . . . ." She further testified that she would not have guaranteed that he would get a shorter sentence, merely that he had "a better shot for a lower sentence after a bench trial."

Moore had multiple felony assault convictions on his record and had a history of assault cases since he was nineteen-years-old. At his post-conviction relief evidentiary hearing, Moore testified regarding these various incidents. Testimony at the hearing also revealed that Moore received fourteen years' imprisonment for a crime that had a sentencing range of ten to thirty years. It was reasonable for the motion court to believe that given Moore's history of violence, trial counsel's recommendation to waive a jury trial was a reasonable and prudent trial strategy. Given the testimony of trial counsel and Moore's criminal history, the motion court did not err in finding that trial counsel's recommendation of a bench trial was sound trial strategy.

6

Because we find that trial counsel's performance did not fall below an objective standard of reasonableness, we need not consider whether Moore was prejudiced.

## Conclusion

The motion court did not err in finding that trial counsel fully informed Moore of the jury trial process before he waived his right to a jury trial. Further, trial counsel's recommendations were reasonable and sound trial strategy. We affirm.

_____
Gary D. Witt, Judge

All concur